THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HOP SING, Appellant.

Second Department, April 16, 1926.

**Crimes — rape, second degree — corroborative testimony by girl companion of complainant was not inadmissible though it tended to show that defendant had committed same crime on witness — complainant testified to promiscuous intercourse — testimony of physician as to condition found on physical examination three months after alleged act was admissible — said testimony would not have been admissible in absence of corroboration.**

On a prosecution for rape in the second degree alleged to have been committed on a girl thirteen years of age, testimony by another girl of about the same

age, to the effect that the crime was committed by the defendant was admissible in corroboration as required by section 2013 of the Penal Law, notwithstanding the witness testified that the defendant committed the same crime on her at the time he is charged with having committed the crime in question, for while the testimony tended to establish another crime, it was brought out as a part of the narrative involving the crime with which the defendant is charged.

The complaining witness having testified to promiscuous intercourse and to a course of conduct showing a high degree of unmorality and depravity, it was not error to admit in evidence testimony by a physician as to conditions found on a physical examination of the complainant about three months after the alleged crime was committed. This testimony was admissible not in corroboration of the complainant, but in support of her credibility, and it seems it would not have been admissible in the absence of corrobative testimony complying with section 2013 of the Penal Law.

YOUNG, J., dissents in part.

APPEAL by the defendant, Hop Sing, from a judgment of the County Court of the county of Kings rendered on the 30th day of April, 1925, convicting him of the crime of rape in the second degree.

*Joseph A. Gavagan,* for the appellant.

*Henry J. Walsh, Assistant District Attorney* [*Charles J. Dodd, District Attorney,* with him on the brief], for the respondent.

KAPPER, J. The complainant was thirteen years old when the defendant in a laundry kept by him committed the crime of rape in the second degree by an act of sexual intercourse with her. With the complainant at the time was another girl twelve and one-half years old, and with whom the defendant also had sexual intercourse on that occasion. The appellant claims that the testimony of the twelve and a half year old girl constituted the admission of evidence of another and distinct crime and was, therefore, incompetent. The testimony of the younger girl supported the testimony of the complainant that the defendant perpetrated the act to which the complainant testified. It met the exaction of section 2013 of the Penal Law, which provides that " No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence." While the act of intercourse with the younger girl was undoubtedly proof of another crime of rape, it was elicited as a part of the narrative involving the crime of which the defendant was indicted and convicted. " Where a party is indicted for one offense, and a complete, detailed narrative of that offense by the witnesses involves a recital of another offense, it is not error to permit them to complete the detailed narrative of the offense for which the party is indicted, notwithstanding the recital of an offense for which he was not indicted." (*Parkinson* v.

*People,* 135 Ill. 401, where the facts were identical with those at bar.)

The appellant further contends that the testimony of the physician whose physical examination of the complainant took place a few days under three months after the commission of the offense charged, when it was found that the genital organs showed sexual penetration, was incompetent because the complainant had admitted having had sexual intercourse with other men. While the doctor's testimony was not competent to connect the defendant with the crime charged, its admission nevertheless was not error. The story told by the complainant and her companion showed such a degree of unmorality and depravity as to almost tax credulity. We think, in the circumstances, that the doctor's testimony was acceptable as bearing upon the probabilities of the complainant's story.

The doctor's testimony was not received until after the defendant had elicited from the complainant on cross-examination the acts of intercourse with other men. In proving these acts the defendant endeavored to discredit the complainant's charge against him. What the defendant sought to do was to prove the complainant's utter lack of morals or that her story was too fantastic for belief. We think, therefore, that it was not error to permit the doctor to testify that the complainant had subjected herself to sexual intercourse. If there had not been the testimony of the complainant's companion, which, accepted as it was by the jury as true, established the guilt of the defendant, we should have entertained a different view of the doctor's testimony. This testimony was not competent to and did not in any way connect the defendant with the commission of the crime, but it did show that the complainant's story was not wholly imaginary. It showed a physical condition consonant with a story of juvenile depravity otherwise past belief.

The judgment of conviction should be affirmed.

Kelly, P. J., Jaycox and Lazansky, JJ., concur; Young, J., dissents, being of opinion that the testimony of the physician was improperly received as corroborative evidence of the crime charged.

Judgment of conviction of the County Court of Kings county affirmed.