Burke, J.
The only issue raised on this appeal goes to the sufficiency of the indictment handed up by the Grand Jury, upon which the defendant was tried and convicted.
Late in the evening of March 13,1964, one Warwick Perry was found unconscious at the bottom of a flight of steps in front of 835 Home Street, Bronx. He died two days later as a result of a skull fracture sustained in his apparent fall down said flight of steps. It was the prosecution’s contention that Jackson, acting in concert with Garland Harris (who subsequently pleaded guilty to attempted second degree manslaughter), pushed the deceased down this flight of steps during the course of a robbery upon his person. It is not questioned here that the jury had sufficient evidence at the trial of Jackson to convict him of felony murder, especially in light of the testimony given by the accomplice Harris. The only question, as stated above, involves the sufficiency of the indictment.
Prior to trial Jackson unsuccessfully moved to inspect the minutes of the Grand Jury and to dismiss the indictment as founded upon insufficient evidence. It is well settled that the Court of Appeals is powerless to review the denial of a motion to inspect the Grand Jury minutes, a determination made completely within the discretion of the Trial Judge. (People v. Howell, 3 N Y 2d 672 [1958]; People v. Randall, 9 N Y 2d 413, 424 [1961]; cf. People v. Rodriguez, 11 N Y 2d 279, 288 [1962].) *519 The eases show, however, that this court has, and will exercise, the power to review the denial of a motion to dismiss the indictment based upon the insufficiency of the evidence presented to the Grand Jury. (People v. Howell, supra, p. 677; People v. Peetz, 7 N Y 2d 147 [1959]; People v. Nitzberg, 289 N. Y. 523 [1943]; People v. Sweeney, 213 N. Y. 37 [1914].) There is no doubt that the indictment in question here must be dismissed because it was based upon evidence clearly insufficient to sustain a conviction if uncontroverted. (Code Orim. Pro., § 251.)
The indictment was in common-law form, and Jackson was convicted of felony murder. In the Appellate Division, the People argued that there was sufficient evidence before the Grand Jury to warrant the indictment of the defendant for felony murder: ‘ ‘ When the Grand Jury heard the testimony of Harris [the accomplice] and that of Euth Williams, it obviously had sufficient evidence to indict.” This statement was factually incorrect, because Harris did not testify before the Grand Jury. On the contrary, the District Attorney subsequently admitted in a letter to the Appellate Division that the People had only submitted to the Grand Jury a statement taken from Harris shortly after his arrest which incriminated both Jackson and himself, a confession which Harris was later to repudiate as coerced. This confession, clearly incompetent as to Jackson because of its hearsay nature, was inadmissible against him before the Grand Jury. (Code Crim. Pro., § 249; People v. Rodriguez, 28 Misc 2d 310 [Orleans County Ct., 1961].) Under these circumstances, the People now contend that the evidence presented to the Grand Jury could have sustained an indictment for premeditated murder, not merely felony murder (since the only reference to the felony [robbery or attempted robbery] was contained in the inadmissible statement of Harris). All the proof, however, is to the contrary.
It is conceded that the sufficiency of the indictment is based solely on the testimony of one eyewitness, Ruth Williams, whose testimony before the Grand Jury was substantially identical to that given at the trial. The incriminating remarks contained in the Grand Jury minutes are but three: (1) “I * * * told him tell Dino [Jackson] to leave the old man alone”; (2) “ [Jackson] pushed him [the decedent] and kicked him down the steps and jumped on him ”, and (3) “I saw him push him, kick *520 and jump down on him.” It is argned that the Grand Jury could reasonably conclude that these statements, coupled with evidence of the victim’s death, “if unexplained or uncontra-dicted, [would] warrant a conviction by the trial jury ’ ’ of common-law murder.
While intent to kill may often be reasonably inferred from the conduct of the accused in inflicting a fatal wound upon the victim (People v. Horton, 18 N Y 2d 355 [1966]), it is not certain whether even mere intent to kill could be inferred from the defendant’s acts in the present case. He used no weapon; he pushed, kicked and jumped on the victim; the victim died apparently from striking his head on a hard object as a result of the defendant’s attack upon him. Perhaps intent to kill could be inferred, but certainly there is not a scintilla of evidence of premeditation, “ a deliberate and premeditated design to effect the death (Penal Law, § 1044, subd. 1.) There is no question that criminal conduct on the part of the defendant Jackson is indicated by the witness ’ testimony, but to equate such conduct with conduct evidencing premeditation is specious.
One final argument is made which deserves brief mention. It is alleged that if an accused is indicted for first degree murder, and is convicted for that crime, but the evidence presented to the Grand Jury was insufficient to sustain the indictment for that crime, nevertheless the indictment is sufficient if it would have sustained a conviction for a lesser included offense such as assault. Suffice it to say that this position' is contrary to reason and is at variance with our fundamental concepts of criminal justice. The three cases cited in support thereof in no way advance this novel theory. (People v. Lewis, 282 App. Div. 267; People v. Darragh, 141 App. Div. 408, affd. 203 N. Y. 527; People v. Huson, 187 N. Y. 97.)
It is unfortunate that, at this stage of the proceedings, after a conviction has been properly obtained on sufficient evidence, the indictment must be dismissed because of the District Attorney’s failure to present sufficient evidence to the Grand Jury. Nevertheless, the indictment is invalid, and consequently any subsequent proceedings resting thereon are similarly invalid. In light of the patent defects it is unthinkable that this court would rely, as suggested, upon the “presumption that the indictment is sufficiently based.” However, since there was *521 sufficient evidence at the trial to convict defendant of felony mnrder beyond a reasonable doubt, there is no apparent reason why he should not be reindicted under section 270 of the Code of Criminal Procedure.
The judgment of conviction should be reversed, and the case remanded for further proceedings not inconsistent with this opinion.
Chief Judge Desmond and Judges Fuld, Yak Yoobhxs, Scileppi, Bergan and Keating concur.
Judgment reversed and case remitted to the Supreme Court, Bronx County, for further proceedings not inconsistent with the opinion herein.