■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WILLIS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered February 4, 1975, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. We find present no error requiring reversal of the judgment of conviction and, accordingly, it should be affirmed. The most vexing issue is posed by the testimony of the undercover agent who consummated the purchase from the defendant wherein, as he narrated the facts leading up to the sale, he revealed how during the negotations defendant twice injected the contents of a foil packet into his vein with a hypodermic needle. Defendant urges that the People thereby elicited testimony that defendant had committed other crimes (see Penal Law, § 220.45; Public Health Law, § 3381) not charged in the indictment which action constituted prejudicial error *(People v Molineux,* 168 NY 264). However, there is also a long established exception to this rule or exclusion where the narrative description of the crime charged requires mention of the uncharged criminal conduct because of the interrelationship of the two events *(People v Hop Sing,* 216 App Div 404; see *Parkinson v People,* 135 Ill 401). The question of the existence of such interrelationship and the evaluation of its necessity thereto and probative value versus any undue prejudice is for the trial court's discretion which in this case we cannot fault. In any event, even if there were error in permitting this testimony into evidence, the evidence is so overwhelming as to preclude reversal on this ground alone *(People v Crimmins,* 36 NY2d 230). Judgment affirmed. Greenblott, J. P., Sweeney, Main, Herlihy and Reynolds, JJ., concur.