■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARMAND GALLUCCI, Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed. Memorandum: The People appeal from an order dismissing all counts of an indictment against the defendant for insufficient evidence. The indictment charged the defendant, the owner/manager of Nero's Restaurant in Irondequoit, with promoting prostitution, in the second degree, in violation of subdivision 1 of section 230.25 of the Penal Law; obscenity, in the second degree, in violation of subdivision 2 of section 235.05 of the Penal Law; and criminal nuisance, in violation of subdivision 2 of section 240.45 of the Penal Law. The charges arose in connection with a stag party at Nero's on May 26, 1976, which was organized by the defendant in honor of two patrons. The evidence indicated that the defendant organized and planned the party, had tickets printed, sold tickets and was present on the night of the party. Following the dinner two women, joined by a man from the audience, gave an explicit sexual performance in the nude. After the show the women retired to a Dodge van without license plates, which was parked

behind the restaurant, where they began to perform acts of prostitution. The Irondequoit police arrived and abruptly put an end to the activity. Defendant and several others were arrested, but only defendant was indicted. A Grand Jury indictment is presumptively valid *(People v Waterman,* 9 NY2d 561, 565; *People v Rallo,* 46 AD2d 518, 527, affd 39 NY2d 217) and should not be dismissed absent a clear showing by the defendant that the evidence before the Grand Jury, even if unexplained or uncontradicted, would not warrant conviction by a trial jury (CPL 190.65, subd 1; CPL 210.30; *People v Rallo, supra,* p 527; *People v Potwora,* 44 AD2d 207; *People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573; cf. *People v Jackson,* 18 NY2d 516, 519) or would not warrant conviction of any lesser included offense *(People v Frisbie,* 40 AD2d 334, 336). In reviewing the first count of the indictment, we conclude that the trial court properly dismissed that count of the indictment for insufficient evidence. Under that count defendant was charged with promoting prostitution, in the second degree, in violation of subdivison 1 of section 230.25 of the Penal Law, which reads as follows: "A person is guilty of promoting prostitution in the second degree when he knowingly: 1. Advances or profits from prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving activity by two or more prostitutes". That section's predecessor (former Penal Law, § 2460) was held to be inapplicable to single acts of prostitution but was rather intended to "get the tycoons of organized vice" *(People v Jelke,* 1 NY2d 321, 326). In *Jelke,* the Court of Appeals quoted language from *People v Draper* (169 App Div 479, 484), which characterized section 2460 and its predecessors as seeking to "prevent prostitution and concubinage as a business". The present section is obviously designed to prevent the same kind of organized prostitution activity and thus is inapplicable to the case before us. The evidence here points toward a single stag party and the trial court properly dismissed the count of promoting prostitution, in the second degree. The question remains, however, whether there was sufficient evidence on which a jury could convict defendant of the lesser included offense of promoting prostitution, in the third degree. Section 230.20 of the Penal Law provides that a person is guilty of promoting prostitution, in the third degree, when he "knowingly advances or profits from prostitution." Section 230.15 of the Penal Law defines "advances prostitution" in the following terms: "1. 'Advance prostitution.' A person 'advances prostitution' when, acting other than as a prostitute or as a patron thereof, he knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution." In order for a jury to convict defendant under this section, the evidence would have to show that he knowingly aided the two women in engaging in prostitution either by soliciting patrons or providing the persons (the two women) or premises (the van) for prostitution purposes. There was no evidence to connect defendant to the prostitution activity taking place in the van, nor with procurement of the van. The van was parked in a common parking lot and there was no evidence that the van was visible from inside the restaurant; that defendant was in a position to observe movement through the back door of the restaurant; knew of the van's existence or of the activity going on in the van. In addition, there was no evidence that defendant had made any arrangement with the women or had had any

contact with them; therefore, there was insufficient evidence to warrant his conviction of promoting prostitution, in the third degree. There remains the possibility of conviction for permitting prostitution in violation of section 230.40 of the Penal Law, which, under the circumstances of this case, could be considered a lesser included offense (CPL 1.20, subd 37; *People v Johnson,* 39 NY2d 364, 367; *People v Flores,* 42 AD2d 431). That section provides as follows: "A person is guilty of permitting prostitution when, having possession or control of premises which he knows are being used for prostitution purposes, he fails to make reasonable effort to halt or abate such use." The same failure of proof connecting Gallucci with the prostitution activity in the van would preclude his conviction under this section. The first count was thus properly dismissed for insufficient evidence. The second count of the indictment charged defendant with obscenity, in the second degree, in violation of subdivision 2 of section 235.05 of the Penal Law which reads as follows: "A person is guilty of obscenity in the second degree when, knowing its content and character, he: * * * 2. Produces, presents or directs an obscene performance or participates in a portion thereof which is obscene or which contributes to its obscenity." "§ 235.00 Obscenity; definitions of terms. The following definitions are applicable to sections 235.05, 235.10 and 235.15: 1. 'Obscene.' Any material or performance is 'obscene' if (a) the average person, applying contemporary community standards, would find that considered as a whole, its predominant appeal is to the prurient interest in sex, and (b) it depicts or describes in a patently offensive manner, actual or simulated: sexual intercourse, sodomy, sexual bestiality, masturbation, sadism, masochism, excretion or lewd exhibition of the genitals, and (c) considered as a whole, it lacks serious literary, artistic, political, and scientific value. Predominant appeal shall be judged with reference to ordinary adults unless it appears from the character of the material or the circumstances of its dissemination to be designed for children or other specially susceptible audience. * * * 3. 'Performance' means any play, motion picture, dance or other exhibition performed before an audience. * * * 6. 'Simulated' means the explicit depiction or description of any of the types of conduct set forth in clause (b) of subdivision one of this section, which creates the appearance of such conduct. 7. 'Sodomy' means any of the types of sexual conduct defined in subdivision two of section 130.00". "§ 130.00 Sex offenses; definitions of terms * * * 2. 'Deviate sexual intercourse' means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva." Four witnesses testified in detail to the effect that simulated acts of deviate sexual intercourse were performed in the nude before an audience at Nero's on May 26, 1976. There was no evidence before the Grand Jury that Gallucci made the arrangements with the two women or knew what they were going to do. Nevertheless, there was evidence that defendant was the manager and one of the owners of the restaurant and that he had sold tickets and made other arrangements for the event, at which he was present. This evidence, if unexplained or uncontradicted, would warrant a jury in convicting the defendant of obscenity, in the second degree; consequently there was sufficient evidence to sustain the indictment and that count should not have been dismissed. Under the third count defendant was charged with criminal nuisance, in violation of subdivision 2 of section 240.45 of the Penal Law. That section provides as follows: "A person is guilty of criminal nuisance when: * * * 2. He knowingly conducts or maintains any premises, place or resort where persons gather for purposes of engaging in unlawful conduct." The offense of

"nuisance" historically required that the proscribed conduct annoy, alarm or inconvenience the public or a large number of people (see former Penal Law, § 1530) and generally refers to acts of continuing duration or to a continuing condition (Denzer & McQuillan, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, § 240.45, p 177). The Court of Appeals, in another context, has held that crimes associated with the unlawful use of premises require a showing of something more than an "isolated misuse" *(People v Fiedler,* 31 NY2d 176). That reasoning is controlling of the situation here and count three was therefore properly dismissed for lack of sufficient evidence. (Appeal from order of Monroe County Court, granting motion to dismiss indictment.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.