OPINION OF THE COURT
Benjamin Altman, J.
The defendant has made a motion, pursuant to CPL 270.25 (subd 2), for additional peremptory challenges because, although he has been charged with a number of class D felonies, he is eligible to be sentenced under section 70.10 of the Penal Law as a persistent felony offender. Under section 70.10, the defendant could receive a sentence of up to life imprisonment as if he had been charged with a class A-I felony.
The defendant claims that he will be denied due process of law and equal protection of the laws if, pursuant to CPL 270.25, the court refuses to allow him additional peremptory challenges.
CPL 270.25 (subd 2) provides, insofar as is applicable, as follows:
"2. Each party must be allowed the following number of peremptory challenges:
*1062 "(a) Twenty for the regular jurors if the highest crime charged is a class A felony, * * *
"(c) Ten for the regular jurors in all other cases”.
In Sitarski v State of New York (358 F Supp 817, 819), the petitioner claimed a denial of his constitutional rights when a juror was sworn over his and one codefendant’s peremptory challenge because the other codefendant refused to join in the challenges. In denying his appeal, the court cited Stilson v United States (250 US 583) as follows: " 'There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured. The number of challenges is left to be regulated by the common law or the enactments of Congress.’ ”
In further referring to the privilege of peremptory challenges, the court stated: " 'The privilege must be taken with the limitations placed upon the manner of its exercise.’ ” (Sitarski v State of New York, 358 F Supp, at p 819.) The Legislature has clearly limited the number of peremptory challenges by the crime charged, not the possible sentence.
Where the courts in this jurisdiction have been faced with questions similar to the one before this court, they have refused to grant the defendants additional peremptory challenges.
In People v Ramos (16 NY2d 700) the defendant was convicted of a felony and sentenced as a second offender. He argued that although the maximum penalty prescribed for the crime charged was 7 years, he should have been allowed 20 peremptory challenges (Code Crim Pro, § 373, subd 2) instead of 5 which he was allowed (subd 3), because as a prior felony offender he was subject to punishment of from 3 Vi to 14 years. The Court of Appeals rejected the defendant’s argument and affirmed the judgment of the Appellate Division.
In People v Haney (29 AD2d 698) the court found no merit in defendant’s contention that he was entitled to 20 challenges. The court held that the defendant would be entitled to 20 challenges only if the crime charged were punishable by a sentence of 10 years or more and, in prosecution for assault in the second degree, the fact that defendant might receive a sentence of more than 10 years because he was a second felony offender would not entitle him to 20 challenges. The court (p 699), citing People v Ramos (16 NY2d 700, supra) stated: "Clearly the fact that appellant might receive a sen *1063 tence of more than 10 years because he was a second felony offender would not entitle him to 20 challenges”.
The matter of peremptory challenges rests entirely with the Legislature (People v Doran, 246 NY 409; People v Cosmo, 205 NY 91). This court feels that it must strictly follow the wording of the statute which mandates only 10 peremptory challenges if the crime charged is other than a class A, B or C felony. Until the Legislature modifies or changes the language of the section, this court will follow the plain meaning of the words used and give to the defendant, charged with a number of class D felonies, only 10 peremptory challenges as if he were being charged with a class D felony rather than the requested 20 challenges for a class A felony.