OPINION OF THE COURT
Frederick M. Marshall, J.
The defendant is charged with the crimes of burglary in the second degree, burglary in the third degree, and petit larceny, all of which arose out of his alleged participation in a burglary with another person on September 16, 1979. His accomplice, charged separately in another indictment by the same Grand Jury, faces a charge of murder in the second degree. It is there alleged that a person not a participant was killed during the burglary.
The sole issue remaining for determination as the result of an omnibus motion brought by this defendant is the suffi *1102 ciency of evidence before the Grand Jury which prompted that body to indict the defendant for the charges mentioned.
Section 140.25 (subd 1, par [a]) of the Penal Law, for purposes here, states that a person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime is armed with explosives or a deadly weapon (emphasis supplied).
The court has reviewed the testimony before the Grand Jury in camera.
After executing a waiver of immunity and in the presence of his attorney, the defendant testified before the Grand Jury that returned the indictments. He denied repeatedly any knowledge of his accomplice’s possession of a weapon. The defendant admitted the planning of the burglary with his accomplice and gave specific details as to the manner of entry of the pair and the items of personal property that were taken from the burglarized premises, but was adamant in his position that he had no prior knowledge that his accomplice was armed. He now argues, in essence, that he lacked the culpable mental state which he claims is required under the statute to establish burglary in the second degree. (Penal Law, § 140.25, subd 1, par [a].)
In support of this argument, he points out that although the Grand Jury considered a count of felony murder against him, it failed to indict him for that charge. Subdivision 3 of section 125.25 of the Penal Law which defines the felony murder offense provides four distinct affirmative defenses. Under paragraph (c), it is an affirmative defense that the defendant had no reasonable ground to believe that any other participant was armed with a weapon.
Under section 15.15 of the Penal Law, the culpable mental states are defined by use of the terms "intentionally”, "knowingly”, "recklessly”, or "criminal negligence”. The second sentence of subdivision 1 of section 15.15 reads: "When one and only one of such terms appears in a statute defining an offense, it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears.” (Emphasis supplied.)
Thus, under section 140.25, the People must establish beyond a reasonable doubt that a person' knowingly enters or *1103 remains unlawfully in a building and that he intended to commit a crime therein. The statute is silent as to whether any scienter is necessary for the fulfillment of the elements recited in the paragraphs (a), (b), (c) and (d) under subdivision 1.
While the Practice Commentaries are not necessarily binding, those contained under section 140.25 are instructive. It reaffirms that the "arming” may take place in either of the three instances i.e. while effecting entry, while in the building, or while in immediate flight. It exemplifies that the "arming” may occur once inside a building such as the case of an armed guard being deprived of his weapon. It also alludes to the fact that the lack of knowledge of an armed weapon in possession of another participant may be an affirmative defense to the charge of felony murder under section 125.25 (subd 3, par [c]) of the Penal Law. The Commentary recites that there is no requirement in the burglary statute that the weapon be used. It is enough that either participant be "armed”, and in an absolute fashion, it concludes that "lack of knowledge that his coparticipant was armed is never a defense to second degree burglary.” (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.25, pp 47-48.)
In an effort to ascertain the legislative intent, other sections of the Penal Law have been reviewed. There has already been noted the explicit affirmative defense available to a defendant under subdivision 3 of section 125.25 when he "had no reasonable ground to believe that any other participant was armed”. Section 130.10 of the Penal Law specifically grants an affirmative defense in sex offenses if the defendant did not know of the facts or conditions responsible for a victim’s incapacity to consent.
Section 235.22 of the Penal Law, entitled "Disseminating indecent material to minors; presumption and defense”, illustrates another example of the legislative intent to afford affirmative defenses in certain cases by the explicitness of the statutory language.
Finally, the language of section 140.17 of the Penal Law, defining the elements of criminal trespass in the first degree, is most persuasive to the conclusion reached here since it may be classified as somewhat akin to the case at bar. The statute provides that a person is guilty of criminal trespass in the first degree when he knowingly enters or remains unlawfully *1104 in a building, and when in the course of committing such crime, he knows that another participant in the crime possesses a weapon (Penal Law, § 140.17, subd 3; emphasis supplied). Thus, the court is compelled to conclude that under section 140.25 of the Penal Law the Legislature clearly intended to limit the scienter element in the paragraph referring to the arming of a participant.
The defendant is also confronted with other general rules of law. "A Grand Jury indictment is presumptively valid”. (People v Gallucci, 62 AD2d 1129, 1130.) When a crime is divided into several degrees, "the gravity of the offense is an issue of fact” (People v Dunleavy, 41 AD2d 717, affd without opn 33 NY2d 573). On a motion to dismiss, a court may dismiss only if there is insufficient evidence to establish the crime charged or any lesser included offense. (CPL 210.20, subd 1, par [b]; People v Leichtweis, 59 AD2d 383, 387; mod 63 AD2d 740.)
Accordingly, the motion is denied.