■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEROY GREEN, Respondent. — Order unanimously reversed, on the law, and counts reinstated. Memorandum: The People appeal from an order dismissing two counts of an indictment charging the defendant with attempted rape in the first degree (Penal Law, §§ 110.00, 130.35) and sexual abuse in the first degree (Penal Law, § 130.65) on the ground that there was insufficient evidence to support those counts. A Grand Jury indictment is presumptively valid *(People v Waterman,* 9 NY2d 561, 565; *People v Rallo,* 46 AD2d 518, 527, affd 39 NY2d 217) and should not be dismissed absent a clear showing by the defendant that the evidence before the Grand Jury, even if unexplained or uncontradicted, would not warrant conviction by a trial jury *(People v Sacco,* 64 AD2d 324, 327; *People v Gallucci,* 62 AD2d 1129, 1130). In reviewing an order dismissing an indictment for insufficiency, the evidence must be viewed in the light most favorable to the People *(People v Warner-Lambert Co.,* 51 NY2d 295; *People v Sacco, supra,* p 327). Application of those principles to the facts before us requires reinstatement of the

two counts which were dismissed. The complainant testified before the Grand Jury that the defendant grabbed her, knocked her to the ground and straddled her. Keeping one hand over her mouth, he first tried to unbutton her jeans, then tried to pull them apart. To stop the complainant from screaming, he put both hands around her throat, taking her breath away and told her that if she wanted to live, she had better stop screaming and do as she was told. He then took one hand away from her throat, placed it "between [her] legs" in the "crotch area" and squeezed. When she again screamed, two women who worked at complainant's place of employment appeared on the scene. Defendant jumped up, grabbed complainant's bag and ran. Such conduct, if accepted as true, certainly " 'carr[ied] the project forward within dangerous proximity of the criminal end to be attained' " *(People v Leary,* 64 AD2d 825) and constitutes sufficient evidence to sustain charges of attempted rape in the first degree and sexual abuse in the first degree. (Appeal from order of Oneida County Court — dismiss indictment.) Present — Dillon, P. J., Cardamone, Callahan, Denman and Schnepp, JJ.