## (November 10, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN JAMES GREGO, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered June 6, 1980 upon a verdict convicting defendant of the crimes of attempted rape in the first degree, burglary in the third degree and unlawful imprisonment in the second degree. As a result of an incident which occurred on October 25, 1979 wherein it was alleged that

defendant unlawfully entered the Twin Towers Dormitory at Elmira College in the City of Elmira and attempted by forcible compulsion to have sexual intercourse with a female resident of the dormitory, defendant was indicted on one count of burglary in the third degree (Penal Law, § 140.20), one count of attempted rape in the first degree (Penal Law, §§ 110.00, 130.35, subd 1), one count of attempted sexual abuse in the first degree (Penal Law, §§ 110.00, 130.65, subd 1) and one count of unlawful imprisonment in the second degree (Penal Law, § 135.05). Following a jury trial, he was ultimately convicted on the burglary, attempted rape and unlawful imprisonment charges and received concurrent sentences on those charges. He now appeals and argues solely that insufficient evidence was elicited at his trial to establish all the elements of the crimes of burglary in the third degree and attempted rape in the first degree beyond a reasonable doubt (see CPL 70.20). Considering initially the burglary charge, we find that ample evidence was presented to support defendant's conviction thereon. Examination of the record reveals proof that defendant was not a student at Elmira College, that it was the policy of the college that the entrances to the dormitory were to be locked at all times with access to the building limited to residents of the building, their guests and some administrative staff members, and that defendant had been advised by a resident adviser in the dormitory within 24 hours of the incident in question that he had no right to be in the building. Upon such a record as this there was clearly sufficient evidence to establish every element of the crime of burglary in the third degree as required by CPL 70.20. Similarly, the conviction for attempted rape in the first degree should not be disturbed because the prosecution plainly met its burden of proof on this charge. Evidence elicited at the trial was to the effect that defendant, while nude in the ladies' room at the dormitory, assaulted a female resident of the building, forced her to the floor and uttered obscene remarks indicating his desire for sexual intercourse as he pressed himself against her, and that he then fled the scene when the attack victim was able to push him away with her knees and began screaming. Given these circumstances, defendant's guilt was conclusively established beyond a reasonable doubt (cf. *People v Harley,* 52 AD2d 698). Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.