■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICHARD J. GANTZ, Appellant. — Appeal from a judgment of the
County Court of Ulster County (Vogt, J.), rendered January 5,
1981, upon a verdict convicting defendant of the crimes of
sodomy in the first degree, robbery in the first degree, attempted
rape in the first degree, burglary in the second degree, robbery
in the third degree, burglary in the third degree and unlawful
imprisonment in the first degree (five counts).

Defendant, who had escaped from Downstate Correctional
Facility in Dutchess County, was given help as a stranded
motorist by one Robert Lennon and his wife on a highway en
route to their home at Wallkill in Ulster County. He forced
admittance into their home by physical abuse and what ap-
peared to be a concealed weapon, and both sodomized and
attempted to rape Mrs. Lennon under threat of injury to her
husband. He then fled in the Lennons' car taking money, the
registration and a driver's license. Defendant later entered the
Cossano residence in the Town of Gardiner in Ulster County
where, armed with a shotgun, he held the family as hostages,
ultimately releasing all save the husband whom he offered to
release in exchange for his own freedom. Defendant was thereaf-
ter apprehended near the Cossano home. He was convicted after
trial of attempted rape, sodomy, robbery and unlawful imprison-
ment (five counts), all in the first degree, second and third
degree burglary, and third degree robbery, and sentenced as a
persistent felony offender to 25 years to life imprisonment.

Defendant initially contends that the trial court erred in
permitting testimony of his prior convictions for rape and rob-
bery and his escape from prison. He argues that this testimony
was not probative of any material element of the People's case
and simply served to demonstrate a predisposition toward crimi-
nal behavior (see *People v Molineux,* 168 NY 264). We disagree.
Although testimony of uncharged crimes is generally not admis-
sible (see *People v Ventimiglia,* 52 NY2d 350, 359-360), an
exception may be made where a narrative description of the
crimes charged necessitates mention of the uncharged criminal
conduct, as when the two events are inextricably interwoven
(see *People v Vails,* 43 NY2d 364, 368; *People v Willis,* 52 AD2d
972). Upon this trial, several references were made during the
People's case to defendant's escape from prison. Our review
shows that the prosecutor complied with the trial court's admo-
nition not to dwell on the escape matter and permitted reference
to the escape only to the extent such testimony flowed naturally
from the events underlying the indictment. Since the record
demonstrates that the subject of the escape was interwoven with

the subsequent events involving both the Lennons and Cossanos, we find no fault with the trial court's discretion in admitting this evidence.

Nor do we find undue prejudice in the prosecutor's reference to defendant's previous convictions for rape and robbery. In support of his insanity defense, defendant examined Dr. Augustus F. Kinzel, a psychiatrist, who presented an overview of defendant's mental history, including references to "some kind of robbery" and "some kind of sexual acts", thus "opening the door" to cross-examination on the psychiatrist's awareness of the previous rape and robbery convictions. The question was relevant both as to his credibility and the over-all insanity defense (*People v Ventimiglia, supra,* p 360; *People v Santarelli,* 49 NY2d 241; *People v Clark,* 94 AD2d 846, 848).

Defendant's remaining contentions do not require extended discussion. Even assuming that defendant was in custody during the hostage negotiations a review of a transcript of the taped telephone conversations indicates the negotiations were directed toward providing defendant with medication and maintaining the hostages' safety, not to elicit inculpatory statements (see *People v Lynes,* 49 NY2d 286, 295). Despite the lack of *Miranda* warnings, the trial court did not err in refusing to suppress these statements, particularly since they occurred during the commission of a crime (see *People v Hughes,* 59 Misc 2d 303). Defendant's request for an additional five peremptory challenges during *voir dire* was properly denied (CPL 270.25, subd 2, par [b]; *People v Fox,* 99 Misc 2d 1061). That a prospective juror was employed as a secretary for the Board of Police Commissioners was not a basis for defendant's challenge for cause (CPL 270.20, subd 1, par [a]). Nor did the trial court's remarks during *voir dire* prejudice defendant, since the issue of guilt was adequately separated from the court's characterization of the crimes charged. A review of the record shows sufficient evidence to support both the attempted rape and sodomy convictions (*People v Clark, supra; People v Grego,* 90 AD2d 878; *People v Green,* 80 AD2d 995), as well as the convictions for unlawful imprisonment (Penal Law, § 135.10; see *People v Byrne,* 66 AD2d 963, 964-965). Finally, the trial court did not abuse its discretion in refusing to allow defendant to impeach the prosecutor's expert by introducing a decision from an unrelated case concerning the witness's qualifications.

Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.