■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGILIO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered March 20, 1987, convicting him of criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains on appeal that the judgment should be reversed because no record was made of the infor-

mal *Sandoval* hearing conducted by the court. While the absence of a record makes impossible any intelligent review of the Trial Justice's *Sandoval* determination, the procedure was apparently undertaken with the defendant's consent and no objection was taken on the record to the informal hearing. Thus, the defendant waived any right to a formal *Sandoval* determination and failed to preserve any issue of law with respect thereto for appellate review *(see, People v Roundtree,* 45 AD2d 731; *see also, People v Robinson,* 159 AD2d 598; *People v Udzinski,* 146 AD2d 245; *People v Worrell,* 110 AD2d 733).

Similarly, by failing to oppose the People's request for closure of the courtroom during the testimony of the undercover police officers, the defendant waived his claim that the closure resulted in the denial of his right to a public trial *(see, People v Palasciano,* 155 AD2d 623; *People v Scott,* 134 AD2d 379).

The defendant contends that the court erred in admitting testimony of other criminal activity not charged in the indictment that the police observed in the defendant's building during the so-called "buy and bust" operation leading to the defendant's arrest. We disagree. No objection was raised during trial to the admission of this testimony. Therefore, any issue of law with respect thereto is similarly not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Quesada,* 118 AD2d 604). In any event, evidence of the other criminal activity did not involve the defendant, but was proper to complete the narrative of events leading up to the defendant's arrest *(see, People v Vails,* 43 NY2d 364; *People v Bowden,* 157 AD2d 789; *People v Quesada, supra; People v Gantz,* 104 AD2d 692; *People v Hop Sing,* 216 App Div 404, 405).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.