The People of the State of New York, Respondent, 
against
Adalgiza Nunez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered September 21, 2016, convicting her, upon her plea of guilty, of criminal nuisance in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered September 21, 2016, reversed, on the law, accusatory instrument dismissed, and surcharge, if paid, remitted.
Defendant was charged with criminal nuisance in the second degree (see Penal Law § 240.45[2]). The factual portion of the information alleged that the arresting officer observed "betting slips, United States currency, [and] a printer and a laptop that was operating a Dominican lottery program" in the back of the store premises managed by defendant. The officer further alleged that these items are "commonly used to operate a Dominican Lottery, a game based on chance." 
We agree with defendant that the accusatory instrument was facially insufficient, since it failed to set forth, prima facie, her commission of the charged offense. Penal Law § 240.45(2) is directed at persons who knowingly "conduct[] or maintain[]" any premises where people "gather for purposes of engaging in unlawful conduct." The statute "generally refers to acts of continuing duration or to a continuing condition" (People v Gallucci, 62 AD2d 1129, 1132 [1978]; see William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.45, p. 147; see also People v Fiedler, 31 NY2d 176 [1972]). The pleaded facts, while sufficient to infer an isolated misuse of the premises, was insufficient to show that the premises were used "with some degree of regularity" as a place where others gathered in order to participate in illegal conduct (People v Fiedler, 31 NY2d at 181; cf. People v Monday, 309 AD2d 977 [2003][evidence was sufficient to support criminal nuisance conviction where there was evidence of drug sales from the premises for approximately two months, two or three times a week]). Accordingly, the accusatory instrument must be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 19, 2018