■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD A. POWELL, Appellant.— Judgment, Supreme Court, New York County, rendered December 12, 1972, convicting defendant upon a jury verdict of grand larceny in the third degree and petit larceny and sentencing defendant to consecutive terms of one year and six months affirmed. The evidence claimed to have been erroneously admitted was properly before the jury. It described an incident

that took place in the course of the commission of the crimes with which the defendant was charged. The fact that this incident constituted a crime not charged in the indictment does not make the proof inadmissible. What is forbidden by *People* v. *Molineux* (168 N. Y. 264), referred to in the dissent, is proof that defendant committed other crimes in order to establish his likelihood of having committed the one charged. To hold otherwise would require the court to leave an unexplained gap in the narration of the occurrence, or else require the District Attorney to charge the defendant for any acts done in the course of the crime charged, which acts might later be found to have criminal consequences. We would agree with the dissent that the District Attorney elaborated the proof of this incident to an unnecessary degree. However, in the face of the overwhelming proof of the larcenies, it cannot be held that this error was prejudicial. The case is remitted to the Criminal Term, Supreme Court, New York County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed. (CPL 460.50, subd. 5.) Concur — Markewich, J. P., Steuer and Capozzoli, JJ.; Murphy, J., dissents in the following memorandum: Defendant, a transit police officer, was charged with four counts of grand larceny and one count of robbery involving two incidents occurring six months apart. In essence, defendant was charged with obtainining funds from victims using a subway bathroom by threatening to arrest them for improper conduct. After a jury disagreement and resultant mistrial in 1969, defendant was retried and convicted of grand larceny in the third degree and petit larceny; and given consecutive prison sentences of one year and six months, respectively. In my reading of the record before us, this defendant was denied a fair trial and I cannot, therefore, vote to affirm his conviction. It appears that the second alleged victim admitted to being a transsexual. Though this fact was completely irrelevant to the instant prosecution, the District Attorney, over objection, was permitted to exhibit an overly curious interest in this complainant's background and to question him at length on such matters as his desire to wear female wearing apparel, his discharge from the army as an undesirable, and his medical and psychiatric treatments. An even more egregious error was then committed by allowing this witness to testify to an alleged attempt by defendant to have him commit an act of oral sodomy. Testimony regarding this uncharged crime was inadmissible under any exception to the rule enunciated in *People* v. *Molineux* (168 N. Y. 264). Nor, in my opinion, may it be successfully contended that such evidence was inseparable from the evidence of the grand larceny and therefore came into the case naturally and incidentally to the showing of the general facts. (Cf. *People* v. *Cohen*, 5 N Y 2d 282.) The testimony of the attempt by defendant to force the witness into an act of sodomy also formed a part of the prosecutor's opening and summation, and the court's marshaling of the evidence for the jury. The court charged that this evidence was admitted on the issue of identification. However, there was no issue of identity involved at the trial. This witness had the name and badge number of the defendant, and the defendant did not contest that he was the officer involved but only contested what transpired between them. In short, the testimony regarding the attempted sodomy "served no purpose other than to prejudice the accused." (*People* v. *McKinney*, 24 N Y 2d 180, 185.) The inherently damaging nature of the imputation of homosexuality to a criminal accused, especially in a prosecution for nonsexual offenses, is manifest. The mere indication that a defendant possesses homosexual proclivities will invariably disparrage him in the eyes of the normally heterosexual jurors. (See, generally, Ann. 54 ALR 3d 897 *et seq.*) The cumulative effect of permitting the introduction of such highly prejudicial and

inadmissible evidence cannot be considered harmless. Accordingly, the judgment of conviction should be reversed and a new trial directed.