■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBERT BRONSON, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered March 30, 1978, upon a verdict convicting defendant of the crime of rape in the third degree. Complainant, then 14, alleged that the defendant, then 22, engaged in acts of sexual intercourse and sodomy on the night of June 11, 1977. At trial, defendant's written statement in which he admitted to acts of sexual intercourse with the complainant was admitted into evidence. His conviction should be affirmed. The trial court properly admitted testimony concerning the use of force at the time of the sexual acts, even though forcible rape or sodomy was not charged, because this testimony was part of complainant's narrative describing those acts *(People v Willis,* 52 AD2d 972; *People v Powell,* 44 AD2d 789). The court properly refused to allow cross-examination of the complainant concerning her prior sexual acts. Consent is not a defense to rape in the third degree. The crime is completed by (1) the performance of sexual intercourse by a male over 21 with (2) a female under the age of 17 (Penal Law, § 130.25, subd 2). Therefore, the complainant's prior sexual history is not relevant and should be excluded (CPL 60.42, subd 5). Finally, a conviction of rape in the third degree is not repugnant to acquittal on the sodomy charge because the crimes have different elements (see *People v Ross,* 68 AD2d 962; *People v Smith,* 61 AD2d 91, 97). Judgment affirmed. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.