■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE JACKSON, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence, as we must, in the light most favorable to the People *(People v Giuliano,* 65 NY2d 766), we conclude that the evidence was sufficient to support the jury's determination that the victim was under the age of 17 at the time the alleged act of sexual intercourse took place. The victim testified that she was 14 years old at the time of the incident and 16 years old at the time of trial. Although her testimony contained some contradictions, it was not so incredible as to be unworthy of belief as a matter of law *(cf., People v Jackson,* 65 NY2d 265, 270; *People v Foster,* 64 NY2d 1144, 1147, *cert denied* 474 US 857; *People v Reed,* 40 NY2d 204, 208-209; *People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024). The discrepancies concerning the victim's age, in her testimony and in the documentary evidence, presented a question of fact, and the jury was instructed that it was their responsibility to resolve this factual issue. Moreover, the jury had the opportunity at trial to observe the victim and determine from her physical appearance at the trial whether she was 16 years old, as she claimed, or 18 years old, as claimed by defendant. There is no basis in the record to disturb their determination of this issue. (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—rape, third degree.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.