■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. BOYD, Appellant.—Judgment unanimously affirmed. Memorandum: Although the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) permitting cross-examination of defendant concerning two pending criminal charges may have been error *(see, People v Betts,* 70 NY2d 289), the error was rendered harmless by the overwhelming evidence of defendant's guilt based upon the in-court identifications of defendant at trial by the two victims of the robbery *(see, People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Supreme Court, Monroe County, Boomer, J.—robbery, second degree.) Present—Dillon, P. J., Callahan, Denman, Green and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS WHITE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's sole contention on appeal is that his conviction of two counts of sodomy in the third degree is not supported by legally sufficient evidence that defendant was "twenty-one years old or more" (Penal Law § 130.40 [2]) when he engaged in deviate sexual intercourse with his 16-year-old daughter. We disagree. Contrary to defendant's claim, the trial court properly admitted the testimony regarding his age given by his two teen-age daughters *(see, People v Patterson,* 149 AD2d 966; Richardson, Evidence, §§ 361, 364 *et seq.* [Prince 10th ed]; 58 NY Jur 2d, Evidence, § 726). Moreover, the trial court properly received in evidence the defendant's statement of his age given to a police officer who elicited pedigree information. The People were not required to serve serve the defendant with notice of their intent to offer into evidence his statement concerning his age because this information related to pedigree and therefore was not properly subject to a motion to suppress pursuant to CPL 60.45 (CPL 710.20, 710.30 [1] [a]; *People v Rodriquez,* 39 NY2d 976; *People v Rivera,* 26 NY2d 304; *People v Miller,* 123 AD2d 721, *lv denied sub nom. People v Keating,* 70 NY2d 933). (Appeal from judgment of Monroe County Court, Maloy, J.—sodomy, third degree, and other charges.) Present—Dillon, P. J., Callahan, Denman, Green and Davis, JJ.