■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE PATTERSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of three counts of statutory rape in the third degree (Penal Law § 130.25 [2]) for engaging in sexual intercourse with his girlfriend's 15-year-old daughter. At trial, the only evidence of defendant's age at the time of the alleged acts was the opinion testimony of the victim that defendant was 34 years of age. Defendant contends that this testimony is insufficient to establish beyond a reasonable doubt one of the essential elements of the crime, i.e., that he was 21 years of age or older.

A lay witness may testify to the age of a person, after giving the facts and circumstances on which the opinion is based, and after describing as far as practicable, the appearance of the person whose age is in question *(see, People v White,* 149 AD2d 939; *Hartshorn v Metropolitan Life Ins. Co.,* 55 App Div 471).* Although the prosecutor could have laid a better foundation for the opinion testimony, from our review of the record we conclude that a sufficient foundation was laid to render this evidence admissible. Furthermore, the court, sitting as the trier of the fact, had the opportunity to observe the defendant and determine from his physical appearance at trial whether he was over the age of 21, as claimed by the victim *(see, People v Jackson,* 148 AD2d 930).*

There is no merit to defendant's remaining claim that the victim's testimony about her complaints to the police and caseworker was improperly received in evidence. Defendant does not dispute that a victim's timely complaint is admissible

in a rape case *(see, People v Williams,* 147 AD2d 904), but contends that the victim's complaint in this case, 25 days after the first incident of alleged rape, 21 days after the second incident and two days after the third incident, was untimely *(see, People v Hughes,* 41 AD2d 333, *appeal dismissed* 36 NY2d 981). Evidence of prompt complaint is not evidence of the commission of rape, but rather is only some evidence tending to corroborate the testimony of the victim. While the complaint was not prompt with respect to the first and second alleged incidents of rape, it came only two days after the third and last incident and certainly would have been relevant to the last incident of rape charged in the indictment. Moreover, since there was additional testimony of the victim's prior timely complaint to her aunt in Niagara Falls which was received in evidence without objection and which was corroborated by her aunt's testimony, we find no error in the court admitting such testimony of the victim's complaints to the police and a caseworker for whatever weight the court chose to accord it *(see, People v Hughes, supra,* at 337). (Appeal from judgment of Monroe County Court, Maloy, J.—rape, third degree.) Present—Dillon, P. J., Callahan, Doerr, Green and Davis, JJ.