■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRAKEFIELD, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was not in custody when he gave his statement to the police. Thus, the court properly denied defendant's motion to suppress the statement even though the police were aware that defendant was represented by counsel on an unrelated charge *(see, People v Hauswirth,* 89 AD2d 357, *affd* 60 NY2d 904).

The introduction of photographs depicting the injuries to the deceased victim was proper to corroborate defendant's statement and to prove defendant's intent in inflicting the injuries. Photographs that are otherwise properly admitted as tending to prove a material fact are admissible even though they " 'portray a gruesome spectacle and may tend to arouse passion and resentment against the defendant in the minds of the jury' " *(People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905).

Neither the alleged misconduct by the prosecutor nor his use of leading questions warrants reversal. In view of the overwhelming proof of guilt, those errors, if any, were harmless *(see, People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Niagara County Court, Hannigan, J.—murder, second degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.