■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE S. BLODGETT, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Saratoga County (Simone, Jr., J.), rendered September 27, 1988, upon a verdict convicting defendant of two counts of the crime of sodomy in the third degree.

Defendant was indicted for five counts of sodomy in the third degree and three counts of endangering the welfare of a child. County Court dismissed the latter three counts and defendant was found guilty after a jury trial of counts two and three alleging sodomy in the third degree under Penal Law § 130.40 (2). These counts charged defendant with being 21

years old or more and committing two separate incidents of deviate sexual intercourse, one oral and one anal, with a male under 17 years old. Defendant was sentenced to consecutive indeterminate terms of incarceration of 1⅓ to 4 years. This appeal ensued.

Defendant argues that the People failed to prove that he was at least 21 years old, an essential element of sodomy in the third degree as defined in Penal Law § 130.40 (2). The People counter that defendant's age properly was established solely by the jury's observation of defendant. We cannot countenance this position. The People must affirmatively prove all elements of the charged crime. Reliance on the jury's observation of a defendant to establish the necessary element of age simply does not satisfy the People's obligation of proof. Moreover, such reliance effectively prevents appellate consideration of the sufficiency of the evidence since an appellate court usually does not have the opportunity to observe a defendant, which would also foreclose exercise of our factual and discretionary review powers (see, CPL 470.15 [3] [b], [c]). Accordingly, we conclude that the People failed to establish a prima facie case so that dismissal of the indictment is warranted.

This result is not contrary to *People v Patterson* (149 AD2d 966, *lv denied* 74 NY2d 745), *People v Jackson* (148 AD2d 930, *lv denied* 74 NY2d 665) and *People v Saddlemire* (121 AD2d 791, 793), in which there was some other evidence, beyond merely the jury's observation, of the relevant person's age. Likewise, this result is not at odds with *People v Kaminsky* (208 NY 389), in which the age of a child was at issue and personal observation of the child by the trier of fact was authorized by former Penal Code § 19 (see, former Penal Law § 817).* In this case, the People contend that the jury's observation of the adult defendant standing alone can satisfy their affirmative burden of proof as to defendant's age. Since we reject this contention, the judgment must be reversed and the indictment dismissed. This determination makes it unnecessary to address the other points raised by defendant.

Judgment reversed, on the law, and indictment dismissed.

---

* Although neither the current Penal Law nor CPL contains a statute permitting personal observation to establish a child's age, CPLR 4516, which in the absence of contrary law is applicable to criminal proceedings (CPL 60.10), authorizes a child whose age is in issue to be exhibited before the trier of fact. The instant case, however, does not involve the age of a child but an adult so that these provisions are inapplicable.

Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.