■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PERRYMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of nine counts of rape in the third degree (Penal Law § 130.25 [2]), nine counts of sexual abuse in the third degree (Penal Law § 130.55), and thirteen counts of incest (Penal Law § 255.25). Defendant had been charged in a 267 count indictment with numerous counts of statutory rape in the third degree, sexual abuse in the third degree, and incest. The charges arose out of defendant's conduct in subjecting his teenage daughter to sexual contact by fondling her and engaging in sexual intercourse with her approximately once a week over a period of approximately three years.

The trial court did not deny defendant his constitutional right of confrontation by prohibiting him from cross-examining the victim or otherwise eliciting testimony about her prior sexual history and two alleged abortions. Defendant contended that such evidence was relevant to support his defense that his daughter fabricated the sexual accusations against him after defendant refused to pay for an abortion. Evidence of the victim's prior sexual conduct generally bears on the issue of consent and consent of the victim is not a defense to statutory rape in the third degree (see, People v Barlow, 88 AD2d 668; People v Bronson, 71 AD2d 756). At trial, the issue was whether defendant had sexual intercourse with his teenage daughter, not whether his daughter may have had other sexual experiences. Thus, evidence of the victim's prior sexual history was not relevant and was properly excluded under the rape shield law (CPL 60.42 [5]; People v Barlow, supra; People v Bronson, supra). Furthermore, testimony about two alleged abortions which defendant claims may have provided the victim with a motive to fabricate was purely speculative and it would not have been in the interests of justice to admit such inflammatory evidence (see, People v Westfall, 95 AD2d 581, 585).

Viewing the evidence in the light most favorable to the People, we conclude that there was sufficient evidence to establish that the acts alleged in the indictment occurred within the jurisdiction of Ontario County. Although the People's proof on the jurisdictional issue could have been more precise, the victim testified that the crimes occurred on property owned by her father's friend on West Swamp Road in the Town of Gorham. A police officer further testified that he investigated allegations of incidents that had occurred in Ontario County and that he went to the locations that had been identified by the victim.

Defendant contends that the People's use of the conjunctive "and or" in the People's bill of particulars rendered counts 124 through 267 of the indictment duplicitous. We disagree (see, People v McGuire, 152 AD2d 945, lv denied 74 NY2d 849). Moreover, at trial, the People submitted proof of only one act for each count of the indictment, with each act occurring at one or the other of the alternate locations set forth in the bill of particulars. Accordingly, we conclude that the prohibition against duplicitousness (see, CPL 200.30 [1]) has not been violated.

Finally, the proof was sufficient to establish the age of defendant, one of the essential elements of the crime of

statutory rape in the third degree (Penal Law § 130.25 [2]). Although the People may not satisfy their burden of establishing that defendant was 21 years of age or older solely by the jury's observation of defendant *(see, People v Blodgett,* 160 AD2d 1105, *lv denied* 76 NY2d 731), this element may be satisfied where there is some other evidence, beyond the fact-finders' observations of defendant, to establish defendant's age *(see, People v Patterson,* 149 AD2d 966, *lv denied* 74 NY2d 745; *People v Jackson,* 148 AD2d 930, *lv denied* 74 NY2d 665). Here, the victim testified that she was 14 years old when the sexual assaults began in 1985 and that defendant was her father. Her brother testified that he was 20 years old in 1987 and that defendant was his father. Thus, that circumstantial evidence, coupled with the jury's observations of defendant, was sufficient to establish that defendant was 21 years of age or older at the times that he committed these crimes. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Rape, 3rd Degree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.