■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROSIO, Appellant. [632 NYS2d 255] —Crew III, J. Appeal from a judgment of the County Court of Essex County (Dawson, J.), rendered August 1, 1994, upon a verdict convicting defendant of the crime of rape in the third degree.

In November 1992, the then 16-year-old victim disclosed to her math teacher that she had been raped by defendant. Defendant was thereafter indicted and charged with, *inter alia*, one count of rape in the third degree. Following a jury trial, defendant was convicted on that count and sentenced to an indeterminate term of imprisonment of 1 to 3 years. This appeal has ensued.

Defendant initially contends that County Court erred in denying his motion to dismiss at the conclusion of the People's case on the ground that they failed to establish a prima facie case. We disagree. While it is true that there was no direct evidence that defendant was over 21 years of age at the time of the incident, an element of the crime of rape in the third degree (*see*, Penal Law § 130.25 [2]), and that the jury's observation of defendant, standing alone, is insufficient to establish that element (*see*, *People v Blodgett*, 160 AD2d 1105, 1106, *lv denied* 76 NY2d 731), the element may be satisfied where there is some other evidence, beyond the factfinders' observations of defendant, to establish his age (*see*, *People v Perryman*, 178 AD2d 916, 917-918, *lv denied* 79 NY2d 1005). Here the record reflects that there was testimony that defendant's children were 18 and 12 years old. That evidence clearly supports a finding that defendant was more than 21 years of age.

Defendant next contends that the verdict is against the weight of the evidence. Our review of the record satisfies us, after weighing the relative probative force of the conflicting testimony and the conflicting inferences that may be drawn therefrom, that the trier of fact did not fail to give the evidence the weight it should be accorded (*see*, *People v Bleakley*, 69 NY2d 490). While there was a good deal of evidence that tended to impeach and contradict the victim, the defense witnesses rendering such evidence were family members and not disinterested observers. Under the circumstances, we perceive this to be a case where great deference should be accorded to the factfinders' opportunity to assess the demeanor of the various witnesses and resolve the credibility issues involved (*see*, *People v Stumbrice*, 194 AD2d 931, *lv denied* 82 NY2d 727).

During the trial the victim testified, over defendant's objection, that defendant, using a fictitious name, telephoned her at school and told her "not to say anything more about what is going on to anybody". Defendant contends that County Court erred in permitting such testimony. We disagree. It has long been the rule that postcrime statements of a defendant intended to intimidate a victim are properly admitted as indicative of consciousness of guilt (*see, e.g.*, *People v Sherman*, 156

AD2d 889, 891, *lv denied* 75 NY2d 970; *People v Warner,* 126 AD2d 788, 790, *lv denied* 69 NY2d 887). We have reviewed defendant's remaining contentions and find them equally without merit.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Essex County for further proceedings pursuant to CPL 460.50 (5).