THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE STEBBINS, Appellant. [720 NYS2d 672] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law § 130.35 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]) for engaging in sexual intercourse with a nine-year-old girl. Defendant contends that County Court erred in admitting in evidence a photograph of the infant victim's vagina because the photograph lacked any probative value and was unduly prejudicial. We disagree. The photograph was probative on the issue of penetration, corroborated the infant victim's unsworn testimony, and illustrated the medical testimony (*see, People v Dogan*, 170 AD2d 955, *lv denied* 78 NY2d 965; *see also, People v Pobliner*, 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v Brakefield*, 156 AD2d 1004, *lv denied* 75 NY2d 917). "The exhibit was not offered solely to arouse the jurors' emotions; it served a legitimate function to illustrate relevant evidence and to corroborate other evidence offered by the People" (*People v Pitsley*, 185 AD2d 645, 646, *lv denied* 81 NY2d 788, 792).

Defendant further contends that the court erred in denying his motions to dismiss the charges because the People failed to establish a prima facie case that sexual intercourse actually occurred and failed to corroborate the unsworn testimony of the infant victim. The unsworn testimony of the infant victim, which was adequately corroborated by the medical testimony (*see,* CPL 60.20 [3]), was sufficient to establish that "penetration, however slight," occurred (Penal Law § 130.00 [1]; *see, People v Hayes*, 261 AD2d 872, *lv denied* 93 NY2d 1019). The People presented expert medical evidence that the infant victim had an abnormally enlarged vaginal opening, that there had been penetration by some object to enlarge the opening, and that there was scarring near her hymenal ring. The People also presented the testimony of the infant victim's mother that defendant had exclusive access to the infant during the time frame in which the sexual abuse occurred. That evidence "tend[ed] to establish the crime and connect[ed] defendant with its commission" (*People v Groff*, 71 NY2d 101, 104; *see, People v White*, 237 AD2d 931, *lv denied* 90 NY2d 866). (Appeal from Judgment of Cayuga County Court, Corning, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.