■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL CASTRO, Appellant. [730 NYS2d 653] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of sodomy in the first degree (Penal Law § 130.50 [1]), sodomy in the third degree (Penal Law § 130.40 [2]), sexual abuse in the first degree (Penal Law § 130.65 [1]), and sexual abuse in the third degree (Penal Law § 130.55). Defendant was sentenced as a second felony offender to concurrent terms of incarceration, the longest of which is 12½ to 25 years. On appeal, defendant contends that the evidence is legally insufficient to establish forcible compulsion and defendant's age, that the verdict is against the weight of the evidence on those elements, that County Court's *Ventimiglia* ruling was erroneous and in any event was violated by the People, and that the sentence of six months imposed on the conviction of sexual abuse in the third degree is illegal.

We modify the judgment by reversing the conviction of sodomy in the third degree, vacating the sentence imposed thereon and dismissing count four of the indictment. Defendant failed to preserve for our review the issue of the sufficiency of proof of his age by making a motion to dismiss specifically directed at that issue (see, People v Kleinhans, 236 AD2d 790, lv denied 89 NY2d 1096). Nevertheless, we exercise our power to review the issue as a matter of discretion in the interest of justice (see, CPL 470.05 [2]; cf., People v Kleinhans, supra) and conclude that the evidence is legally insufficient to establish that defendant was "twenty-one years old or more" (Penal Law

§ 130.40 [2]) at the time of the crime. Contrary to the People's contention, the jury's opportunity to observe defendant's appearance during trial does not, by itself, satisfy the People's obligation to prove defendant's age (*see, People v Perryman,* 178 AD2d 916, 918, *lv denied* 79 NY2d 1005; *People v Blodgett,* 160 AD2d 1105, 1106, *lv denied* 76 NY2d 731). The jury is entitled to draw an inference from the appearance of an individual, provided that there is some competent proof of his or her age (*see, People v Perryman, supra,* at 918; *People v Patterson,* 149 AD2d 966, *lv denied* 74 NY2d 745; *see also, People v White,* 149 AD2d 939, *lv denied* 74 NY2d 821). Here, however, there is no direct evidence of defendant's age, and the circumstantial evidence relied upon by the People does not establish that defendant was at least 21 years old at the time of the crime (*cf., People v Rosio,* 220 AD2d 851, 852, *lv denied* 86 NY2d 875; *People v Perryman, supra,* at 918).

We further modify the judgment by reducing the definite term of incarceration imposed on the conviction of sexual abuse in the third degree from six months to three months. As the People concede, the maximum permissible sentence on that class B misdemeanor is three months (*see,* Penal Law § 70.15 [2]; § 130.55; *see also, People v Coleman,* 278 AD2d 891, *lv denied* 96 NY2d 798; *People v Campbell,* 248 AD2d 997, 998, *lv denied* 92 NY2d 848).

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Dattilo, Jr., J.—Sodomy, 1st Degree.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.