■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALKINS CONTRERAS, Appellant. [848 NYS2d 650]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered March 11, 2005, convicting defendant, after a jury trial, of rape in the first degree, kidnapping in the second degree, burglary in the first degree, attempted assault in the first degree, unlawful imprisonment in the first degree (two counts) and endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of 20 years, unanimously affirmed.

The prosecutor disclosed to the court a note found in the victim's apartment at the time of the crime, involving graphic sexual matters. The court conducted an ex parte interview of the victim, in which she stated that she wrote the note a month before the incident, that it referred to her boyfriend, and that it had nothing to do with defendant, who was her former husband.

The court permitted defense counsel to question the victim about the note in the absence of defendant and the jury, prohibited counsel from disclosing the contents of the note to defendant, and ruled that the note was inadmissible.

Defendant was not deprived of his right to be present at a material stage of the trial (*see* CPL 260.20) when the court conducted proceedings outside of his presence regarding the admissibility of the note. There was no indication that defendant had any knowledge of the note's existence, and his arguments to the contrary are speculative. Therefore, he could not have contributed in any meaningful way to the proceedings (*compare People v Morales*, 80 NY2d 450 [1992], *with People v Turaine*, 78 NY2d 871 [1991], *and People v Anderson*, 16 NY2d 282 [1965]).

The court's order prohibiting defense counsel from disclosing the note to defendant did not deprive defendant of his right to effective assistance of counsel. The court had a legitimate interest in protecting the victim from an unnecessary invasion of her privacy (*see People v Williams*, 81 NY2d 303, 313 [1993]; *Matter of Fischetti v Scherer*, 44 AD3d 89, 92-93 [2007]). The court's limited ban did not deprive defendant of a fair trial or the right to present a defense, since if he had in fact seen the note or was aware of its existence, he could have brought it to his counsel's attention (*see e.g. Fischetti*, 44 AD3d at 93-94).

The court ruled that the note was inadmissible under the Rape Shield Law (CPL 60.42), as well as being irrelevant. The first theory was incorrect because the note reflected the victim's statements about herself, and thus was not evidence of her "sexual conduct" within the meaning of the statute (*see People v Jovanovic*, 263 AD2d 182 [1999], *appeal dismissed* 95 NY2d 846 [2000]). Nevertheless, the court properly exercised its discretion in precluding the use of the note on the ground of relevance (*see e.g. People v Williams*, 188 AD2d 382 [1992], *lv denied* 81 NY2d 849 [1993]; *People v Perryman*, 178 AD2d 916 [1991], *lv denied* 79 NY2d 1005 [1992]; *compare Jovanovic*, 263 AD2d at 197-198). All of defendant's theories of relevance are based on far-fetched, speculative scenarios with no evidentiary support. Accordingly, there was no violation of defendant's right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ.