OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed; and it is further, ordered that the order is affirmed, without costs.
The People filed an information charging defendant with three counts of forcible touching (Penal Law § 130.52), three counts of sexual abuse in the second degree (Penal Law § 130.60 [2]), three counts of sexual abuse in the third degree (Penal Law § 130.55), two counts of endangering the welfare of a child (Penal Law § 260.10 [1]), aggravated harassment in the second *80 degree (Penal Law § 240.30 [1] [a]), and two counts of harassment in the second degree (Penal Law § 240.26 [1]), based on his conduct toward a 13-year-old male that involved sexual contact, exhibiting to the child a sexually explicit video, and other communications of an explicitly sexual nature. At the commencement of the jury trial, the Criminal Court granted the People’s motion to dismiss the two counts of harassment in the second degree. After the trial, which included the victim’s narrative testimony of defendant’s sexual conduct, the admission into evidence of the video which had been recovered from a laptop computer that defendant had produced to the police as his personal property, and the testimony of a forensic psychologist on the subject of adolescent sexual abuse syndrome, the jury convicted defendant of all the remaining counts. After sentence was imposed and a hearing held, defendant was designated a level three sex offender.
On appeal, defendant argues first that playing the video repeatedly to the jury (three times according to defendant, but only twice according to the record) served only to inflame the jury’s passions and was of questionable evidentiary value given that it was not proved that it was defendant who had committed the sexual acts depicted therein. However, the victim asserted that defendant had informed him that defendant was the “actor” in the video, which depicted a male masturbating and performing other acts of a sexually explicit nature. In any event, it is irrelevant, for the commission of the crime of endangering the welfare of a child, whether the identity of the person in the video is known. Although played more than once to the jury, the video evidence was the basis of one of the two counts of endangering the welfare of a child (e.g. People v Velez, 190 Misc 2d 206 [Sup Ct, Queens County 2002]), and, as a general rule, photographs and similar evidence are admissible
“if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered . . . [and] should be excluded only if [their] sole purpose is to arouse the emotions of the jury and to prejudice the defendant” (People v Pobliner, 32 NY2d 356, 369-370 [1973]; see e.g. People v Stebbins, 280 AD2d 990 [2001]).
The record does not indicate that the defense timely objected to the second playing of the video, and defendant does not deny *81 that playing such a video to a 13-year-old commits the offense. Further, the Criminal Court instructed the jury that it was to consider the evidence solely in relation to only one of the two counts of endangering the welfare of a child, and it is presumed that the jury understood and followed this instruction (People v Berg, 59 NY2d 294, 299-300 [1983]; People v Bobrowsky, 23 Misc 3d 137[A], 2009 NY Slip Op 50862[U] [App Term, 9th & 10th Jud Dists 2009]). Having raised no objection to the charge, and having requested no amendments or amplifications, defendant is deemed to have acquiesced to the charge as given (People v Gega, 74 AD3d 1229 [2010]; People v Andujar, 180 AD2d 743 [1992]).
After the close of evidence, and immediately before summations, the defense purported to have discovered, by reference to a Web page connected to the victim, that the victim had admitted that he was of consenting age when allegedly victimized by defendant’s conduct. The defense sought to recall the victim to confront him with this evidence. The court did not improvidently exercise its discretion in denying the motion. A trial court is vested with wide latitude to determine the admissibility of evidence, to control the conduct of a trial, and to keep the proof within admissible bounds. Consistent with that authority, a court has discretion to permit or deny a party’s application to reopen the evidentiary portion of a case. Among the factors to be considered are the source and availability of the evidence, its probative significance with respect to material trial issues, and prejudice owing to associated delay in producing the evidence and adjournments to produce it (Lagana v French, 145 AD2d 541 [1988]; see also Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]). Here, the defense failed to exercise due diligence in discovering the evidence which, concededly, had been available prior to the trial. Further, exploring the issue would have required that the child victim testify a second time. Not only would additional testimony be presumptively detrimental to the victim, but, generally, the orderly presentation of proof requires that “every witness be questioned in the first instance on all relevant matters of which he [or she] has knowledge and be excused at the completion of this testimony” in the interest of judicial economy and the ability of counsel to keep the jury’s attention on the salient facts of the case (Feldsberg v Nitschke, 49 NY2d at 643-644).
In any event, the defense failed to establish that the evidence was of sufficient probative value to merit the relief sought. Both *82 the victim and his mother testified to the victim’s birth date, and such testimony is competent to prove the fact (People v Scott, 61 AD3d 1348, 1349 [2009]; People v Bolden, 194 AD2d 834, 835 [1993]; People v Bessette, 169 AD2d 876, 877 [1991]). Although the victim’s testimony “contained some contradictions, it was not so incredible as to be unworthy of belief ’ (People v Jackson, 148 AD2d 930 [1989]), and the jury had the opportunity to observe the victim and to determine, in part, from his physical appearance whether his testimony, and that of his mother, as to his date of birth should be credited (see also People v Blodgett, 160 AD2d 1105, 1106 [1990]). Finally, evidence may be excluded if the court deems it to be of limited probative value, too remote or speculative, or if its admission would obscure the main issues or confuse the jury (People v Paixao, 23 AD3d 677 [2005]). Defense counsel did not state that she was offering the evidence to impeach the victim’s general credibility, or even specifically to defeat an element of the offenses, but to establish a motive to falsely accuse defendant as to the entirety of the abusive conduct alleged, a matter that was purely speculative.
We also find no error in admitting the expert testimony, to which the defense, in general, voiced no objection. The expert specifically denied having any knowledge as to the specifics of the accusations against defendant, of the victim’s personal characteristics, the victim’s trial testimony, or of the Penal Law generally. Further, the defense did not object to most of the expert’s testimony that might be construed as applicable to matters bearing on the victim’s overall credibility. Indeed, on cross-examination, defense counsel posed a number of hypotheticals which explored precisely the issues addressed by defendant on the appeal. Thus, these claims are largely unpreserved. In any event, the claims of error lack merit.
As a general rule, a court has discretion to allow expert testimony as to the conduct of victims of sexual abuse that is outside of the general knowledge of a typical juror (People v Carroll, 95 NY2d 375, 387 [2000]; see generally People v Taylor, 75 NY2d 277 [1990]), and these reactions include matters involving the nature and causes of a victim’s post-incident behavior such as concealment, the inability to recall even salient events due to repression or anxiety, confusion as to time and dates, and ambivalence regarding his or her relationship with the abuser. Expert testimony regarding Child Sexual Abuse Accommodation Syndrome and the associated symptoms has been held appropriate where necessary “to explain behavior of a *83 victim that might appear unusual or that jurors may not be expected to understand ... to rebut [the] defendant’s attempt to impair the credibility of [the victim for example] by evidence that [he] had not promptly complained” (People v Carroll, 95 NY2d at 387 [internal quotation marks and citations omitted]). While the expert’s testimony may have implicated considerations underlying a factfinder’s evaluation of the truth and accuracy of testimony and may impact its determinations as to credibility and evidentiary weight, such commentary is generally proper and does not constitute inadmissible bolstering of a victim’s testimony (People v Lee, 96 NY2d 157, 162 [2001] [acknowledging that while such testimony may invade, to an extent, what is otherwise the jury’s “exclusive province . . . (i)t is a kind of authorized encroachment in that respect”]). This is not a case where testimony was admitted to establish that, because the sexual abuse victim exhibited behavior consistent with patterns of response exhibited by victims of proven child sexual abuse, “it was more likely than not that [the victim] had been [sexually abused]” (People v Singh, 186 AD2d 285, 286 [1992]).
Defendant’s claim that the evidence was legally insufficient to support the convictions is largely unpreserved for appellate review and, in any event, is without merit. In her motion to dismiss, defense counsel limited her argument with respect to legal sufficiency solely to the claim that the victim’s testimony as to the dates when the abuse occurred was so indeterminate or inconsistent as to render the proof insufficient to prove any of the offenses beyond a reasonable doubt. The remaining claims, that the People failed to produce corroborative evidence “to back up the complainant’s allegations,” to adduce “physical evidence and without even a shred of DNA, Blood or other scientific evidence to link the Defendant to the allegations,” or adequately to prove that the victim was a child at the time of the offenses, are unpreserved for appellate review (CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19-21 [1995]).
The standard of review for determining whether the evidence presented at trial was legally sufficient to support a conviction is whether the evidence, viewed in the light most favorable to the People, could lead any rational trier of fact to conclude that the elements of the crime had been proved beyond a reasonable doubt (People v Contes, 60 NY2d 620, 621 [1983]). The overwhelming import of the victim’s testimony is that the offenses occurred within the time frames alleged, which *84 testimony was corroborated by the proof that the sexually explicit video, made by defendant himself as the actor (according to the victim), existed and had been accessed within the time frame alleged with respect to the relevant count of endangering the welfare of a child, and had been recovered from a computer defendant claimed to be his personal property. The expert witness testified that child sexual abuse victims may commonly be imprecise about dates, and, here, the testimony as to dates was generally consistent with that alleged in the accusatory instrument and defendant does not argue that the dates alleged therein were too broad to effectively charge the offenses.
In conducting an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), and according the appropriate deference to the jury’s credibility determinations, based on its particular opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the judgment of conviction was not against the weight of the evidence. The testimonies of the People’s witnesses appear truthful on their face, are internally consistent as to material fact, and “notwithstanding . . . minor discrepancies” with respect to the victim’s ability to establish a precise chronology as to the specific events of the abuse, which occurred several times over a four-to-five-month period, the jury could properly credit the People’s witnesses as to the facts necessary to support the convictions (People v Lenoir, 57 AD3d 802, 802 [2008]).
We have considered defendant’s remaining contentions and find them to be without merit. Accordingly, the judgment of conviction is affirmed.
Since defendant raises no issue with respect to the order designating him a level three sex offender, the order is affirmed.
Steinhardt, J.R, Pesce and Weston, JJ., concur.