People v King (2019 NY Slip Op 08866)





People v King


2019 NY Slip Op 08866


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-07024
 (Ind. No. 64/13)

[*1]The People of the State of New York, respondent,
v
David E. King, Jr., appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered July 10, 2014, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, criminal contempt in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record reflects that the defendant was properly provided with notice of the grand jury proceedings through notice to his attorney, and that he chose not to testify before the grand jury. Therefore, we agree with the County Court's determination to deny the defendant's motion to dismiss the indictment (see CPL 190.50[5]; People v Helm, 51 NY2d 853; People v Caswell, 56 AD3d 1300).
The defendant contends that the County Court improvidently exercised its discretion in denying the defendant's request for an adjournment of the trial to call an expert physician to testify as to the condition of the defendant's hand at the time he shot the complainant. "As a general matter of policy, requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the court's jurisdiction and there is a showing of some diligence and good
faith" (People v Brown, 78 AD2d 861, 861; see People v Moutinho, 146 AD2d 650). Here, however, there was no showing of diligence and good faith. Defense counsel began representing the defendant more than a year before the trial, made no disclosure of the expert or the defendant's medical records pursuant to the People's CPL 240.30 demand, and did not indicate that he had obtained an expert until after the People rested their case. Considering the delay in obtaining an expert, the court providently exercised its discretion in denying the defendant's request for an adjournment (see People v Rodriguez, 188 AD2d 494).
The defendant failed to preserve for appellate review his contention that the County Court erred in admitting into evidence certain recordings of phone calls that he made while he was incarcerated pretrial, without first holding a hearing pursuant to United States v Wade (388 US 218) or People v Rodriguez (79 NY2d 445), and without proper authentication (see CPL 470.05[2]). In any event, no Wade or Rodriguez hearing was required because the defendant's calls from jail were [*2]initiated by the defendant to the complainant's phone number and therefore did not constitute police arranged identification procedures (see People v Pagan, 297 AD2d 582; People v Sims, 201 AD2d 516). Furthermore, the defendant's voice on the recordings was properly authenticated (see People v Ely, 68 NY2d 520; People v McGee, 49 NY2d 48), and the recordings were properly admitted to show the defendant's consciousness of guilt (see People v Barrera, 69 AD3d 951; People v De Vivo, 282 AD2d 770; People v Rosio, 220 AD2d 851).
We agree with the County Court that, viewing the record in the light most favorable to the defendant, there was no reasonable view of the evidence by which the jury could have found that the defendant was justified in using deadly physical force. There was no evidence that objectively supported a belief that the defendant was in danger of being physically harmed by the complainant (see Penal Law § 35.15[2][a]; People v Sparks, 29 NY3d 932, 934; People v Sadler, 153 AD3d 1285). The evidence established that the defendant pointed a gun at his wife and a female neighbor. The complainant, who was the neighbor's husband, then pushed the two women inside his apartment. The complainant testified that the defendant then racked the gun, and that the complainant charged at the defendant in an attempt to disarm him, but the defendant racked the gun again. The complainant further testified that he grabbed the gun with his right hand and punched the defendant with his left hand, and that both of them fell to the floor while struggling for possession of the gun. The complainant also testified that the defendant pulled out the gun, raised it, and fired it at the complainant three times. Under these circumstances, the court properly denied the defendant's request to instruct the jury on the defense of justification (see People v Jenkins, 81 AD3d 662, 663).
The County Court properly adjudicated the defendant a persistent violent felony offender (see Penal Law § 70.08[1]).
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court