People v Moorhead (2024 NY Slip Op 00502)

People v Moorhead

2024 NY Slip Op 00502

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

43 KA 19-02151

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORRY MOORHEAD, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered October 29, 2019. The judgment convicted defendant upon a jury verdict of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of rape in the first degree (Penal Law § 130.35 [3]) to attempted rape in the first degree (§§ 110.00, 130.35 [3]) and vacating the sentence imposed and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for sentencing on that conviction.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [3]). The charge arose from an allegation that defendant raped the seven-year-old victim when defendant was living with the victim's family. The victim did not disclose the abuse until a year later. Defendant contends that an expert was not needed to explain to the jury the idea of delayed disclosure and that permitting such testimony deprived him of his right to a fair trial. We reject that contention. Expert testimony on child sexual abuse accommodation syndrome is admissible "for the purpose of explaining behavior that might be puzzling to a jury" (People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; see People v Nicholson, 26 NY3d 813, 828 [2016]). Supreme Court did not abuse its discretion in determining that the expert testimony would assist the jury in understanding the issue of delayed disclosure (see Nicholson, 26 NY3d at 827-829; People v Shane, 187 AD3d 1219, 1220 [2d Dept 2020], lv denied 36 NY3d 1054 [2021]; People v Bradberry, 131 AD3d 800, 803 [4th Dept 2015], lv denied 26 NY3d 1086 [2015]; see generally People v Austen, 197 AD3d 861, 862 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]).
Contrary to defendant's contention, the court properly granted the People's request to amend the indictment. The original indictment alleged that defendant raped the victim "on or about and between September 1, 2017 and December 25, 2017," and the amended indictment alleged that defendant raped the victim "on or about and around December 25, 2017." The amendment did not change the theory of the prosecution or otherwise tend to prejudice defendant (see CPL 200.70 [1]; People v Sharlow, 217 AD3d 1120, 1123-1124 [3d Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Butler, 300 AD2d 1103, 1103 [4th Dept 2002], lv denied 99 NY2d 613 [2003]).
Defendant next contends that the conviction is not supported by legally sufficient evidence that he was the perpetrator or that penetration occurred. A conviction is supported by legally sufficient evidence "when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). A defendant is guilty of rape in the [*2]first degree under Penal Law § 130.35 (3) when the defendant "engages in sexual intercourse with another person . . . [w]ho is less than [11] years old." As relevant here, " '[s]exual intercourse' has its ordinary meaning and occurs upon any penetration, however slight" (§ 130.00 [1]).
Here, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to establish defendant's identity as the perpetrator. We agree with defendant, however, that the evidence is not legally sufficient to establish that penetration occurred (see People v Carroll, 95 NY2d 375, 382-384 [2000]). The victim testified that she awoke when defendant entered her bedroom wearing no clothes on the bottom part of his body. She testified that he got into her bed and that his penis touched her vagina. However, when asked whether defendant penetrated her, the victim testified either that she "forgot" or that she was "not sure" what happened. Additionally, the People did not establish the element of penetration through indirect or circumstantial evidence (see id. at 383-384; People v Elioff, 110 AD3d 1477, 1478 [4th Dept 2013], lv denied 22 NY3d 1040 [2013]; People v Stebbins, 280 AD2d 990, 990 [4th Dept 2001], lv denied 96 NY2d 925 [2001]). We therefore conclude that the evidence is legally insufficient to support the conviction, but we further conclude that the evidence is legally sufficient to support a conviction of the lesser included offense of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [3]; see People v Porlier, 55 AD3d 1059, 1061-1062 [3d Dept 2008]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for sentencing on that conviction.
Defendant also contends that the verdict is against the weight of the evidence on the issue of identity. Viewing the evidence in light of the elements of the lesser included offense of attempted rape in the first degree (see Danielson, 9 NY3d at 349), we conclude that a verdict convicting defendant of that crime would not be against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Santiago, 195 AD3d 1460, 1461 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct on summation is, for the most part, unpreserved for our review inasmuch as defendant failed to object to many of the statements he now challenges on appeal (see People v Coggins, 198 AD3d 1297, 1301 [4th Dept 2021], lv denied 38 NY3d 1032 [2022]; see generally People v Gibson, 134 AD3d 1512, 1512-1513 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]). In any event, to the extent the prosecutor's remarks were improper, they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020] [internal quotation marks omitted]; see People v Palmer, 204 AD3d 1512, 1514 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]) and did not shift the burden to defendant (see People v Coleman, 32 AD3d 1239, 1240 [4th Dept 2006], lv denied 8 NY3d 844 [2007]).
In light of our determination, we do not address defendant's contentions regarding the sentence and amendment of the presentence report.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court