People v Jones (2026 NY Slip Op 01882)

People v Jones

2026 NY Slip Op 01882

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND
HANNAH, JJ.

123 KA 22-00114

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vTARKEEM L. JONES, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF
COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A.
LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.),
rendered July 8, 2021. The judgment convicted defendant, upon a jury verdict, of
predatory sexual assault against a child, rape in the first degree, criminal sexual act in the
first degree (two counts), and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified
as a matter of discretion in the interest of justice and on the law by reversing those parts
convicting defendant of predatory sexual assault against a child under count 1 of the
indictment and criminal sexual act in the first degree under count 5 of the indictment and
dismissing those counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury
verdict, of predatory sexual assault against a child (Penal Law former § 130.96),
rape in the first degree (former § 130.35 [1]), two counts of criminal sexual act in
the first degree (former § 130.50 [1], [4]), and assault in the third degree (§ 120.00 [1]).
We agree with defendant that the evidence is legally insufficient to establish that
defendant was 18 years old or more at the time of the crimes. Although defendant failed
to preserve that contention for our review (see People v VanGorden, 147 AD3d 1436, 1438 [4th Dept
2017], lv denied 29 NY3d 1037 [2017]; People v Castro, 286 AD2d 989,
989 [4th Dept 2001], lv denied 97 NY2d 680 [2001]), we exercise our power to
review it as a matter of discretion in the interest of justice (see CPL 470.15 [6]
[a]). Here, two counts in the indictment include an age element that required the People to
establish that defendant was at least 18 years old at the time of the crimes in June 2020
(see Penal Law former § 130.96; former § 130.50 [4]). Defendant was
in fact 33 years old in June 2020, and the jury naturally had the opportunity to observe his
appearance during the trial in 2021, but that opportunity "does not, by itself, satisfy the
People's obligation to prove defendant's age" (Castro, 286 AD2d at 990; see
People v Blodgett, 160 AD2d 1105, 1106 [3d Dept 1990], lv denied 76 NY2d
731 [1990]), and there was no evidence at trial bearing on his age (cf. People v Kessler, 122 AD3d
1402, 1403 [4th Dept 2014], lv denied 25 NY3d 990 [2015]; People v
Perryman, 178 AD2d 916, 917-918 [4th Dept 1991], lv denied 79 NY2d 1005
[1992]). We therefore modify the judgment by reversing those parts convicting defendant
of predatory sexual assault against a child under count 1 of the indictment and criminal
sexual act in the first degree under count 5 of the indictment and dismissing those counts
of the indictment.
Contrary to defendant's further contention, viewing the evidence in light of the
elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we
conclude that the verdict is not against the weight of the evidence with respect to
defendant's identity as the perpetrator (see People v Renaldo, 239 AD3d 1470, 1471 [4th Dept
2025], lv denied 44 NY3d 1013 [2025]; People v Thomas, 176 AD3d 1639, 1640 [4th Dept 2019],
lv [*2]denied 34 NY3d 1082 [2019]; see
generally People v Bleakley, 69 NY2d 490, 495 [1987]), particularly in light of the
overwhelming circumstantial evidence presented by the People establishing defendant's
identity as the perpetrator (see
People v Lacey, 229 AD3d 1270, 1273 [4th Dept 2024], lv denied 42
NY3d 971 [2024]; People v
Malone, 196 AD3d 1054, 1054-1055 [4th Dept 2021], lv denied 37
NY3d 1028 [2021]; People v
Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992
[2021]).
We also reject defendant's contention that he was denied effective assistance of
counsel. A defendant has not been deprived of effective assistance of counsel when "the
evidence, the law, and the circumstances of [the] particular case, viewed in totality and as
of the time of the representation, reveal that the attorney provided meaningful
representation" (People v Baldi, 54 NY2d 137, 147 [1981]). The focus is on
whether defense counsel's acts or omissions were such that defendant did not receive a
fair trial (see People v Benevento, 91 NY2d 708, 713-714 [1998]) and, for a
defendant to prevail on an ineffective assistance claim, defense counsel's conduct must be
"egregious and prejudicial" (People v Williams, 273 AD2d 824, 826 [4th Dept
2000], lv denied 95 NY2d 893 [2000] [internal quotation marks omitted]).
Contrary to defendant's contention, the record before us does not establish that
defense counsel's comments during his opening statement improperly shifted the burden
of proof onto defendant (see
generally People v Kohmescher, 228 AD3d 1334, 1335 [4th Dept 2024]).
Contrary to defendant's additional contentions, we conclude that he was not deprived of
effective assistance by defense counsel's failure to call defendant to testify or by defense
counsel's questioning of a witness inasmuch as those decisions were " 'a matter of trial
strategy and cannot be characterized as ineffective assistance of counsel' " (People v Atkins, 107 AD3d
1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]; see People v Keane, 221 AD3d
1586, 1588 [4th Dept 2023]; People v Irvine, 197 AD3d 988, 991 [4th Dept 2021], lv
denied 37 NY3d 1060 [2021]). Nor was defense counsel ineffective in failing to
object to alleged hearsay testimony. Even assuming, arguendo, that the testimony at issue
constituted inadmissible hearsay, we conclude that "the single error by defense counsel in
failing to object to its admission was not so egregious as to deprive defendant of a fair
trial" (People v Escobar, 181
AD3d 1194, 1198 [4th Dept 2020], lv denied 35 NY3d 1044 [2020] [internal
quotation marks omitted]). Viewing the evidence, the law and the circumstances of this
case, in totality and as of the time of the representation, we conclude that defendant
received meaningful representation (see Baldi, 54 NY2d at 147).
Finally, the sentence is not unduly harsh or severe.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court