■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS OSTRATICKY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered December 12, 1983, convicting him of reckless endangerment in the first degree, after a jury trial, and imposing sentence.

Judgment modified, on the law, by reducing the conviction to one of reckless endangerment in the second degree and by vacating the sentence imposed. As so modified, judgment affirmed and matter remitted to the Supreme Court, Queens County, for resentence.

In order to prove defendant's guilt of reckless endangerment in the first degree under Penal Law § 120.25, the prosecution was required to demonstrate: (1) that the defendant's reckless conduct was of an extreme nature, committed under circumstances "evincing a depraved indifference to human life", (2) that the risk created by that conduct was one of the "death" of another person rather than of some other form of serious physical injury *(see,* Penal Law § 10.00 [10]), and (3) that the risk was "grave", rather than merely "substantial" *(cf.* Penal Law § 120.20).

However, there was no testimony to support a finding that the officer, the person at whom defendant's conduct was directed, was in imminent danger of death. The officer testified that the police car's right front bumper and the left front bumper of defendant's car collided. This occurred twice. Neither of the vehicles was disabled; both were capable of moving under their own power. Defendant left the scene in his car and subsequently the police car pursued him, but without success. Later on the officer operating the police vehicle complained of pain in his back and was taken to the hospital

where it was determined that he had suffered a sprain. He was released after approximately one hour. Thereafter the officer took three days' sick leave.

Nonetheless, facts proven by the prosecution do support a conviction of reckless endangerment in the second degree under Penal Law § 120.00. Accordingly, the conviction is reduced to reckless endangerment in the second degree (CPL 470.20 [4]). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.