■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN BENNETT, Appellant. [598 NYS2d 84] —Appeal by the defendant from two judgments of the County Court, Westchester County (LaCava, J.), both rendered May 16, 1991, convicting him of (1) reckless endangerment in the first degree under

Indictment No. 90-00802, after a nonjury trial, and (2) attempted criminal sale of a controlled substance in the third degree under Indictment No. 90-01972, upon his plea of guilty, and imposing sentences.

Ordered that the judgment rendered under Indictment No. 90-00802 is reversed, as a matter of discretion in the interest of justice, and the indictment is dismissed; and it is further,

Ordered that the judgment rendered under Indictment No. 90-01972 is affirmed.

The defendant was convicted of reckless endangerment in the first degree under Indictment No. 90-00802. The evidence adduced at trial revealed that the defendant fired two shots from a gun while standing near a group of young men. One shot hit a parked grey Monte Carlo. The other hit a wooden garage door approximately 30 feet away. However, no evidence was adduced at trial with regard to what the defendant was aiming at when he fired the gun or whether any person was in or near the line of fire.

A conviction for reckless endangerment in the first degree requires a showing that the defendant, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person (Penal Law § 120.25). The facts of the instant case, when viewed in the light most favorable to the prosecution, reveal that the defendant fired two shots which struck two objects; however, this conduct does not establish that the defendant acted under circumstances evincing a depraved indifference to human life, or that he created a grave risk of death (see, People v Sallito, 125 AD2d 345, 346; People v Richardson, 97 AD2d 693; People v Wilkens, 97 AD2d 698). In view of the foregoing, Indictment No. 90-00802 must be dismissed.

The defendant's subsequent plea of guilty to attempted criminal sale of a controlled substance in the third degree, under Indictment No. 90-01972, is affirmed, since the plea was neither based nor conditioned upon the reckless endangerment conviction. Indeed, the court specifically noted that the plea was "in no way connected or contingent upon any appeal that may take place on the reckless endangerment in the first degree charge". Further, appellate review of the issue raised by defendant in regard to his agreed-upon sentence was effectively waived by him as part of his plea bargain. Accordingly, the judgment of conviction under Indictment No. 90-01972 is affirmed (see, People v Callahan, 80 NY2d 273; People v

*Seaberg,* 74 NY2d 1). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.