■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAGIN PERSAUD, Also Known as SAYJIN PERSAUD, Also Known as SAYJN PERSAUD, Appellant. [808 NYS2d 723]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Donnino, J.), rendered May 20, 2003, convicting him of reckless endangerment in the first degree, attempted assault in the second degree, criminal mischief in the second degree, and driving while intoxicated, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of reckless endangerment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he or she recklessly engages in conduct which creates a grave risk of death to another person (*see* Penal Law § 120.25; *People v Ostraticky,* 117 AD2d 759 [1986]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that the defendant's conduct created a grave and imminent risk of death to another person (*see People v Gomez,* 65 NY2d 9, 12 [1985]; *People v Ostraticky, supra; cf. People v Bennett,* 193 AD2d 808 [1993]).

However, the evidence, when viewed in the light most favorable to the prosecution, was sufficient to support the conviction of attempted assault in the second degree, since a rational jury

could infer that the defendant acted with the intent to cause serious physical injury to the complainant, a restaurant owner who had refused the defendant service. Although there was no direct evidence of the defendant's intent, intent may be inferred from the act itself as well as from the defendant's conduct and the surrounding circumstances (*see People v Bracey,* 41 NY2d 296, 301 [1977]). Factual impossibility is no defense to a charge of attempted assault, "because the offense consists of deliberately performing a prohibited act and impossibility does not negate intent" (*People v Davis,* 72 NY2d 32, 37 [1988]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the conviction of attempted assault in the second degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

Since the jury convicted the defendant of attempted assault in the second degree, the conviction of reckless endangerment in the first degree cannot be reduced to reckless endangerment in the second degree under Penal Law § 120.20. A defendant who acts with intent to bring about the result of serious physical injury, "cannot simultaneously act with conscious disregard of a substantial and unjustifiable risk that the very result will occur" (*People v Trappier,* 87 NY2d 55, 58 [1995], citing *People v Gallagher,* 69 NY2d 525 [1987]). Accordingly, the first count of the indictment, charging the defendant with reckless endangerment in the first degree, must be dismissed, and the count of the indictment charging the defendant with reckless endangerment in the second degree is deemed dismissed (*see* CPL 300.40 [3] [b]).

Finally, the defendant's contention regarding the sufficiency of the evidence in support of the conviction of criminal mischief in the second degree was not preserved by a sufficiently specific objection at trial (*see People v Gray,* 86 NY2d 10 [1995]).

The defendant's remaining contentions are without merit. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.