■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENTNOL A. BRITTON, Appellant. [853 NYS2d 898]—

Contrary to the defendant's contention, the evidence convicting him of attempted assault in the first degree and assault in the second degree was not legally insufficient due to a lack of proof of intent. In this case, the element of intent may be inferred from the commission of the act itself, as well as from the defendant's conduct and the surrounding circumstances (*see People v Bracey,* 41 NY2d 296, 301 [1977]; *People v Bryant,* 39 AD3d 768 [2007]; *People v Persaud,* 25 AD3d 626 [2006]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant acted with the requisite intent in committing the offenses of which he was convicted. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.