THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLENN D. HATCH, Respondent. [885 NYS2d 800]—

Appeal from an order of the Steuben County Court (Marianne Furfure, J.), entered March 27, 2009. The order denied the motion of the People to reinstate the count of reckless endangerment in the first degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: The People appeal from an order denying their motion to reinstate a count of reckless endangerment in the first degree (Penal Law § 120.25). County Court had previously reduced that count, on defendant's motion, to reckless endangerment in the second degree (§ 120.20). We affirm. In reviewing

the legal sufficiency of the evidence before the grand jury, "[t]he reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*People v Swamp*, 84 NY2d 725, 730 [1995]). Here, we conclude that the evidence presented to the grand jury would not warrant a conviction of reckless endangerment in the first degree, inasmuch as it does not support a finding that defendant acted with "an utter disregard for the value of human life" (*People v Suarez*, 6 NY3d 202, 214 [2005]; *see People v Feingold*, 7 NY3d 288, 296 [2006]). Defendant's actions in driving a vehicle off a street and "doing donuts" with the vehicle in an open field at night with the headlights on do not constitute the "hallmarks of wanton recklessness necessary to demonstrate 'circumstances evincing a depraved indifference to human life' " (*People v Dudley*, 31 AD3d 264, 264 [2006], *lv denied* 7 NY3d 866 [2006]; *cf. People v Gomez*, 65 NY2d 9, 10-12 [1985]; *People v Mooney*, 62 AD3d 725 [2009]; *People v Robinson*, 16 AD3d 768, 769-770 [2005], *lv denied* 4 NY3d 856 [2005]). Further, although there was evidence that defendant drove in the general direction of two witnesses, we conclude that such evidence is insufficient to establish that defendant's conduct created a grave risk of death to those witnesses (*cf. Robinson*, 16 AD3d at 769-770; *People v Williams*, 158 AD2d 253, 253-254 [1990], *lv denied* 75 NY2d 971 [1990]). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.