# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1294**

**KA 09-00385**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                                        MEMORANDUM AND ORDER

KEON S. ANDERSON, DEFENDANT-APPELLANT.

---

EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 1, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) and two counts of robbery in the first degree (§ 160.15 [4]). Contrary to defendant's contention, we conclude that County Court did not abuse its discretion in denying his motion seeking to sever the November 22, 2007 robbery count, i.e., count three, from the December 3, 2007 felony murder and robbery counts, i.e., counts one and two (*see generally People v Owens*, 51 AD3d 1369, 1370-1371, *lv denied* 11 NY3d 740; *People v Dozier*, 32 AD3d 1346, 1346, *lv dismissed* 8 NY3d 880). The December 3, 2007 felony murder and robbery counts were joinable pursuant to CPL 200.20 (2) (a), while the two robbery counts involving different criminal transactions were joinable pursuant to CPL 200.20 (2) (c). The November 22, 2007 robbery count and the December 3, 2007 felony murder and robbery counts were therefore joinable under the "chain of joinder" rule (CPL 200.20 [2] [d]). Defendant failed to meet his burden of submitting sufficient evidence of prejudice from the joinder to establish good cause to sever (*see People v Sharp*, 104 AD3d 1325, 1325-1326, *lv denied* 21 NY3d 1009; *People v Ogborn*, 57 AD3d 1430, 1430, *lv denied* 12 NY3d 786; *see also* CPL 200.20 [3]).

We reject defendant's further contention that defense counsel was ineffective in failing to seek to remove a prospective juror during voir dire. While at the outset of voir dire the prospective juror made statements that raised concerns regarding his impartiality, upon

further questioning he clarified his position by giving an unequivocal and credible assurance under oath that he would be able to render an impartial verdict if chosen to serve (*see People v Garrow*, 75 AD3d 849, 852; *People v Molano*, 70 AD3d 1172, 1174, *lv denied* 15 NY3d 776). Moreover, we note that defense counsel, in not objecting to the juror being seated, may well have had sound tactical reasons for not seeking to remove him from the jury panel, and defendant has no legal basis for challenging that "exercise of professional judgment[]" by defense counsel (*People v Colon*, 90 NY2d 824, 826; *see People v Sprowal*, 84 NY2d 113, 119). Viewing the evidence in light of the elements of the December 3, 2007 felony murder and robbery counts as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to those counts (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe.

Entered:  January 3, 2014                         Frances E. Cafarell
                                                  Clerk of the Court