# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1274**
**KA 13-01282**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

          V                         MEMORANDUM AND ORDER

RICHARD E. VANGORDEN, DEFENDANT-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered January 11, 2013. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts), tampering with physical evidence (two counts), criminal mischief in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the fourth degree and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of attempted murder in the first degree under counts one and two of the indictment to attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), reducing the conviction of reckless endangerment in the first degree under count ten of the indictment to reckless endangerment in the second degree (§ 120.20), and vacating the sentence imposed, and as modified the judgment is affirmed, and the matter is remitted to Steuben County Court for the filing of a predicate felony offender statement, sentencing on the counts reduced herein, and resentencing on the remaining counts.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]), criminal use of a firearm in the first degree (§ 265.09 [1] [b]), and reckless endangerment in the first degree (§ 120.25). Defendant was driving a pickup truck, with his girlfriend as a passenger, when two State Police officers attempted to stop him for a traffic violation. Defendant fled from the officers at high speeds, stopped for a short time, and then tried to drive off again. After briefly driving off the road and getting stuck, defendant backed out onto the road and was facing the police vehicle from a distance of about 50 feet. He

accelerated toward the police vehicle, swerved to his left, "rammed" the passenger side of the police vehicle with the passenger side of his truck, and then drove away.  The officers kept pursuing defendant, and he slowed down, held a rifle out the rear window of the truck, and fired at least two shots, one of which struck the police vehicle near its driver's seat from an estimated distance of 36 feet.  Defendant was convicted of, inter alia, attempted murder in the first degree with respect to each officer and reckless endangerment in the first degree with respect to his girlfriend.  He was acquitted of two additional counts of reckless endangerment in the first degree pertaining to the officers.

We reject defendant's contention that the counts of the indictment charging attempted murder in the first degree were jurisdictionally defective because they failed to allege that he was more than 18 years old when the crimes occurred (*see* Penal Law § 125.27 [1] [b]; *see generally People v Iannone*, 45 NY2d 589, 600).  By alleging that defendant committed "Attempted Murder in the First Degree," those counts "adopt[ed] the title of" the first-degree murder statute and incorporated all of the elements of that crime, including the age element, thereby affording defendant fair notice of the charges against him (*People v Ray*, 71 NY2d 849, 850; *see People v Real*, 293 AD2d 251, 251, *lv denied* 98 NY2d 860; *see generally People v D'Angelo*, 98 NY2d 733, 735; *People v Cohen*, 52 NY2d 584, 586).

Defendant further contends that the attempted murder counts were duplicitous as indicted inasmuch as they failed to specify which of his shots was intended to kill each officer.  Even assuming, arguendo, that defendant's contention is preserved for our review as a result of County Court's rejection of defendant's generalized assertion in his omnibus motion that the indictment "include[d] duplicitous counts" (*cf. People v Rivera*, 257 AD2d 425, 425-426, *lv denied* 93 NY2d 901; *see generally People v Allen*, 24 NY3d 441, 448-450), we conclude that it is without merit.  " '[T]here is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict,' " such as which shot was intended for each officer (*People v Mateo*, 2 NY3d 383, 408, *cert denied* 542 US 946; *see People v Del-Debbio*, 244 AD2d 195, 195, *lv denied* 91 NY2d 925).

As the People correctly concede, however, the evidence is legally insufficient to establish that defendant was more than 18 years old at the time of the crimes.  Although defendant failed to preserve that contention for our review (*see People v Castro*, 286 AD2d 989, 989-990, *lv denied* 97 NY2d 680), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Defendant was in fact 38 years old at the time of the crimes in September 2011, and the jury naturally had the opportunity to observe his appearance during his trial in 2012, but that opportunity "does not, by itself, satisfy the People's obligation to prove defendant's age" (*Castro*, 286 AD2d at 990; *see People v Blodgett*, 160 AD2d 1105, 1106, *lv denied* 76 NY2d 731), and there was no evidence at trial bearing on his age (*cf. People v Kessler*, 122 AD3d 1402, 1403, *lv denied* 25 NY3d 990; *People v Perryman*, 178 AD2d 916, 917-918, *lv denied* 79 NY2d 1005).  The evidence is sufficient to establish that

defendant intended to kill each of the officers (*see generally People v Cabassa*, 79 NY2d 722, 728, *cert denied sub nom. Lind v New York*, 506 US 1011), and we reject defendant's further contention that the verdict is against the weight of the evidence with respect to his intent (*see People v Simcoe*, 75 AD3d 1107, 1108-1109, *lv denied* 15 NY3d 924; *see generally People v Bleakley*, 69 NY2d 490, 495).  We therefore modify the judgment by reducing the conviction under counts one and two to attempted murder in the second degree (§§ 110.00, 125.25 [1]), and we remit the matter to County Court for sentencing on those counts.

Again assuming, arguendo, that defendant's duplicity contention is preserved for our review, we conclude that the reckless endangerment count of which he was convicted was not duplicitous.  Reckless endangerment may be charged as a continuing offense, and defendant's conduct took place in the course of a single incident without "cessation or suspension in the criminal activity," such that a single count of reckless endangerment with respect to his girlfriend was proper even if, as he contends on appeal, she was exposed to multiple dangers over the course of the incident (*People v Flanders*, 111 AD3d 1263, 1265-1266, *affd* 25 NY3d 997; *see People v Wells*, 141 AD3d 1013, 1014-1015; *cf. People v Boykins*, 85 AD3d 1554, 1555, *lv denied* 17 NY3d 814).  Moreover, we agree with the court that the three counts of reckless endangerment in the indictment were not multiplicitous inasmuch as each count involved a different victim (*see generally People v Cunningham*, 12 AD3d 1131, 1132, *lv denied* 4 NY3d 829, *reconsideration denied* 5 NY3d 761).  Defendant correctly notes that conduct endangering multiple victims may be charged in a single count of reckless endangerment without violating the prohibition against duplicity (*see People v Stockholm*, 279 AD2d 704, 706, *lv denied* 96 NY2d 807), but in our view a single count is not *required* in such cases (*see generally People v Payne*, 71 AD3d 1289, 1290-1291, *lv denied* 15 NY3d 777).  In any event, we note that the remedy for multiplicitous counts is dismissal of all but one of the affected counts (*see People v Pruchnicki*, 74 AD3d 1820, 1822, *lv denied* 15 NY3d 855) and defendant was convicted of only one of the counts in question.

We agree with defendant that the reckless endangerment count of which he was convicted is not supported by legally sufficient evidence inasmuch as the record fails to establish that his conduct exposed his girlfriend to "a grave risk of death" (Penal Law § 120.25; *see People v Hatch*, 66 AD3d 1494, 1495).  There was evidence that defendant "rammed" the side of the police vehicle with the part of his truck in which his girlfriend was sitting, but neither officer could estimate how fast defendant was going at impact, and the relatively short distance he traveled toward the police vehicle tended to show that he could not have been going very fast.  Furthermore, both vehicles remained operable after the collision, and there was no evidence that anyone sustained any injury from it.  Even viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally insufficient to establish that the collision created a grave risk of death to defendant's girlfriend

(*see People v Ostraticky*, 117 AD2d 759, 759-760; *see generally People v Hurdle*, 106 AD3d 1100, 1101-1103, *lv denied* 22 NY3d 956, 996; *Hatch*, 66 AD3d at 1495).  We also conclude that the evidence does not establish that defendant's girlfriend was exposed to a grave risk of death at any other time during the incident as a whole.  Because the evidence concerning the collision is sufficient to establish that defendant's reckless conduct created a significant risk of serious physical injury to his girlfriend, we further modify the judgment by reducing the conviction under count ten to reckless endangerment in the second degree (§ 120.20; *see Ostraticky*, 117 AD2d at 760), and we remit the matter to County Court for sentencing on that count as well.

By failing to request different jury instructions or to object to the charge as given, defendant failed to preserve his challenges to the jury instructions on the counts charging attempted murder and criminal use of a firearm (*see People v Autry*, 75 NY2d 836, 838-839; *People v Townsley*, 50 AD3d 1610, 1611, *lv denied* 11 NY3d 742).  We reject his contention that the alleged error in the jury instructions on criminal use of a firearm constitutes a mode of proceedings error (*see generally Autry*, 75 NY2d at 839), and we decline to review his unpreserved challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Although defendant is correct that attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) is not a lesser included offense of attempted murder in the first degree (*see People v Thomson*, 13 AD3d 805, 806-807, *lv denied* 4 NY3d 836), he waived his right to complain of the court's error in that regard by failing to object (*see People v Ford*, 62 NY2d 275, 280-281).  In addition, we conclude that the defendant's conviction of attempted murder when the jury had before it the purported lesser included offense of attempted assault in the first degree "forecloses [his] challenge to the court's refusal to charge" attempted assault in the second degree under Penal Law §§ 110.00 and 120.05 (1) as a lesser included offense (*People v Boettcher*, 69 NY2d 174, 180; *see People v Cordato*, 85 AD3d 1304, 1307-1308, *lv denied* 17 NY3d 815).  Even though attempted assault in the first degree is not an actual lesser included offense of attempted murder, the failure to submit lesser degrees of attempted assault could not have affected the jury's deliberations under the circumstances of this case (*see generally Boettcher*, 69 NY2d at 180).

We reject defendant's contention that he was denied effective assistance of counsel.  In particular, defendant has not demonstrated that counsel was ineffective in not pursuing an extreme emotional disturbance defense inasmuch as there is no indication in the record that any basis existed for such a defense (*see People v Schumaker*, 136 AD3d 1369, 1372, *lv denied* 27 NY3d 1075, *reconsideration denied* 28 NY3d 974; *People v Naqvi*, 132 AD3d 779, 780-781, *lv denied* 27 NY3d 1072), nor has he demonstrated that counsel lacked a strategic or other legitimate reason for not challenging a certain prospective juror for cause (*see People v Barboni*, 21 NY3d 393, 405-407; *People v Anderson*, 113 AD3d 1102, 1103, *lv denied* 22 NY3d 1196).  We have reviewed the remaining allegations of ineffective assistance raised by defendant, and we conclude that he received meaningful representation (*see generally People v Carver*, 27 NY3d 418, 422; *People v Benevento*,

91 NY2d 708, 712-713).

Finally, defendant contends that the People failed to comply with the procedural requirements of CPL 400.21 in seeking to have him sentenced as a second felony offender given that they did not file a predicate felony offender statement as required by CPL 400.21 (2). That contention is not preserved for our review (*see People v Pellegrino*, 60 NY2d 636, 637; *People v Guillory*, 98 AD3d 835, 835-836, *lv denied* 20 NY3d 932), but we exercise our discretion to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Loper*, 118 AD3d 1394, 1395-1396, *lv denied* 25 NY3d 1204), and we agree with defendant.  Contrary to the contention of the prosecutor at sentencing, the need for a predicate felony offender statement was not obviated by defendant's pretrial admission to a special information setting forth his prior felony conviction as an element of a count charging criminal possession of a weapon.  The special information did not permit defendant to raise constitutional challenges to his prior conviction, as he had the right to do before being sentenced as a second felony offender (*see People v Brown*, 13 AD3d 667, 669, *lv denied* 4 NY3d 742, *reconsideration denied* 4 NY3d 884; *see generally* CPL 200.60 [3]; 400.21 [7] [b]).  We therefore further modify the judgment by vacating the sentence and remitting the matter to County Court for resentencing on the counts not otherwise reduced herein.  In light of our determination, we do not reach defendant's challenge to the severity of the sentence.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court