People v VanGorden (2019 NY Slip Op 09165)





People v Vangorden


2019 NY Slip Op 09165


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1150 KA 17-01371

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD E. VANGORDEN, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Steuben County Court (Joseph W. Latham, J.), rendered April 26, 2017. Defendant was resentenced upon his conviction of attempted murder in the second degree (two counts), tampering with physical evidence (two counts), criminal mischief in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the fourth degree and reckless endangerment in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted following a jury trial of, inter alia, two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]). The conviction arises from incidents that occurred after two State Police officers attempted to stop defendant's truck for a traffic violation. Defendant fled from the officers at high speeds and, at some point in the ensuing chase, slowed his truck down, held a rifle out the rear window of the truck, and fired at least two shots, one of which struck the police vehicle near its driver's seat from an estimated distance of 36 feet. On a prior appeal, we, inter alia, reduced the conviction on the two counts of attempted murder in the first degree to attempted murder in the second degree (§§ 110.00, 125.25 [1]), vacated the sentence, and remitted the matter to County Court for resentencing (People v VanGorden, 147 AD3d 1436, 1436-1437 [4th Dept 2017], lv denied 29 NY3d 1037 [2017]). Defendant now appeals from the resentence.
Defendant contends that the court erred in imposing at resentencing consecutive sentences for the two counts of attempted murder in the second degree. We reject that contention inasmuch as the record establishes that, although the shots were fired closely together in time, "[t]he attempts to shoot each officer were separate and distinct" (People v Rudolph, 16 AD3d 1151, 1152 [4th Dept 2005], lv denied 5 NY3d 809 [2005]; see Penal Law § 70.25 [2]; People v McCullough, 283 AD2d 988, 988-989 [4th Dept 2001], lv denied 96 NY2d 941 [2001]; see generally People v Brown, 80 NY2d 361, 365 [1992]). In view of defendant's extensive prior criminal history and the serious nature of the offenses, we further conclude that the resentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court